FINNEY & FINNEY v. ALLEN.

1. The 1st Sec. of the Act of Feb. 13, 1839, providing, that in actions founded on contract, and instituted against several defendants, the plaintiff may have judgment against such of the defendants as shall have been proven to be parties to the contract, is applicable to suits against partners, where a note has been executed by one, in the name of the firm, without the express or implied authority of the other.

2. The judgment of the Circuit Court, will not be reversed on account of an erroneous instruction, when it is apparent from the record, that such instruction could not have been prejudicial to the party complaining.

Appeal from the St. Louis Circuit Court.

POLK for Appellant.

SPALDING for Appellee.

MAY TERM
1842.

*Opinion of the Court by Napton, Judge.*

Finney & Finney
v.
Allen.

This was an action by petition in debt, brought by Allen against John & William Finney. The note sued on, was as follows:

"$1,000.   Twelve months from date, we promise to pay Michael & Frederick Collins one thousand dollars, payable in merchandise, at the store of Messrs. Finney, Lee & Co. St. Louis, April 2, 1839.        J. & W. Finney.

'On which the following endorsements appeared: Pay to 'G. C. Allen or order.

Michael & Frederick Collins.

April 10, 1839.

"Gent: Please let the bearer L. Davis, have the amount of the within for me.        G. C. Allen."

The defendants pleaded, first, *Nil debit;* second, payment; third, set off against plaintiff; and fourth, a set off against M. & F. Collins the, assignors. Issue was taken on the first, second, and third pleas, and two replications to the fourth plea; the first a traverse, upon which issue was taken, and the second alleging, that the note was assigned to the plaintiff before the payees became indebted to the defendants, rejoinder and issue to the country.

On the trial the endorsements were proved, and that it was in the hand-writing of Frederick Collins, but made by consent of Michael. Presentment of the note to Finney, Lee & Co., was also proved, and their refusal to give merchandise. It was proved that the signature of J. & W. Finney, was in the hand-writing of William Finney, one of the firm of J. & W. Finney; that the firm consisted of John and William Finney, but that said firm had been dissolved prior to the date of the note.

The plaintiff having closed his testimony, defendant asked the Court to instruct the jury, that unless they believed from the evidence, that John and William Finney, at the time of the execution of the note sued on, composed the firm of J. & W. Finney, they must find for the defendants, which instruction was refused.

The defendant below, then offered, by way of offset, a

note executed by Giles Griswold, Charles Collins and Mirom Leslie for, $3,000, dated 26th Nov., 1836, and payable 1st Nov., 1838, to Michael and Frederick Collins or order, and endorsed by them on the 2nd April, 1839, to J. & W. Finney.

On cross examination of the defendants' witnesses, it appeared, that William Finney had been in the habit, at the time of making the note signed by J. & W. Finney, and before and since that time, of making notes in the name of J. & W. Finney, with the knowledge of John Finney who acquiesed in it.

In relation to the note sought to be used as a set off, it was proved, that the Finneys gave for it, the note sued on, another note of the same amount, payable two years after date, in merchandise, and credited M. & F. Collins with the amount of $979 47, previously due to the Finneys by them; and, also credited them on the books of Finney, Lee & Co. with the sum of $160.14 previously due by M. & F. Collins, to F., L. & Co. It was in evidence, that at the date of the assignment of this note, offered as a set off, Giles Griswold lived in New York, and M. Leslie in Illinois, and Charles Collins, then, and ever since, lived in St. Louis; that said note with others, was given for real property in Illinois, bought from said M. & F. Collins.

There was much proof conducing to show, that the note of $3,000, was adjusted between Finney and Collins, in the purchase of a lot in St. Louis from said Collins, and that Finney was permitted to hold said note as security for the title of said lot; the testimony on this head it is not material to detail, inasmuch as the instruction based on it, is not complained of.

The Circuit Court instructed the jury that, "if they believed that no diligence had been used in collecting the $3,000 note, given in evidence by the prosecution of a suit against the makers, or one of them, they were bound to disregard the same as evidence for defendants under the pleas of se-toff: provided they found from the evidence that no sufficient excuse existed for failure to do so."

Other instructions were given, which however, were not complained of.

The first objection taken to the proceedings of the Circuit Court, is the refusal of that court to give the instruction prayed for by defendants, at the close of the plaintiffs testimony. This instruction was properly refused, because by the act of Feb. 13th, 1839, judgment may be had against any one of a number of joint promissors, if the proof only establishes the liability of one. No good reason is perceived, why this provision should not be applicable to partners, where a note has been executed by one in the name of a firm.

The instruction which the court gave in relation to the note attempted to be set up as an offset, appears to have been only objectionable, in leaving to the jury a question which the court, on the facts before it, might have decided against the plaintiff in error. The record shows that Collins was at the time this note was endorsed, and up to the trial, had been a resident of St. Louis, and that no proof of insolvency was offered. If the position of the plaintiff in error, then be correct, that the question of sufficient excuse for failing to prosecute the makers of that note, was a question of law which the court only could determine, on the facts found, this court would not be authorised to reverse the judgment of the Circuit Court for a wrong instruction, which it is apparent from the record, could not have been prejudicial to the plaintiff in error. Judgment affirmed.

*Court will not be reversed on account of an erroneous instruction, when it is apparent from the record that such instruction could not have been prejudicial to the party complaining.*