BOATMENS SAVINGS INSTITUTION, Respondent, vs. ANDREW W. MEAD, administrator of TURNER MADDOX, Appellant.

1. *Bills and Notes--Partnership--Death of partner--Renewals--Liability of estate of deceased.*--A. died,leaving the firm of which he was a member indebted to B. which debt was witnessed by notes. These notes were afterwards given up and other notes in renewal thereof taken, but the creditor stipulated, that such action should not discharge the estate of A. *Held,* that A.'s estate was still liable either as on a balance of the original debt, or of the surrendered notes

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for Appellant.

The original notes having been procured by the respondent by purchase, the respondent never had any claim against the firm of D. T. Wright & Co., at any time except *upon* the *various notes* taken by it and no claim is based upon these notes or any of them, none of them having been either produced or offered in evidence, so that the plaintiff never in fact *showed any ground* of *recovery against* the estate of Maddox.

A renewal of notes by Banks is a payment and satisfaction of the old notes. (2 Parsons on Notes and Bills 203.)

*Lackland, Martin & Lackland,* for Respondent, relied on, Powell vs. Charless, 34 Mo., 485.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff presented a demand against the estate of Turner Maddox deceased, in the Probate Court of St. Louis County, which was allowed, and the defendant as administrator appealed to the Circuit Court, where judgment was again rendered in favor of the plaintiff at Special Term, and affirmed at General Term, and the defendant has appealed to this court.

The following is a copy of the demand as presented by plaintiff:

ESTATE OF TURNER MADDOX, deceased.
"To Boatmens Savings Institution Dr.

For amounts loaned to D. T. Wright & Co., at a time when Turner Maddox was alive and a member of said firm.

*Debits:*

| | |
|---|---|
| Note due Nov. 5th, 1869, for money loaned. | $6,000.00 |
| "  " Dec. 6th, " for money loaned. | $3,000.00 |

| | |
|---|---|
| Total | $9,000.00 |

Less part payment July 13th, 1870, at which time the extension of balance was made, amounting to $8,500,and to which time also interest on $9,000 was paid   -   $500.00

$8,500.00

Interest on same from July 13, 1870, to date say 11 months and 15 days at 6 per cent.   $488.75

$8,988,75

*Credits.*

| | | |
|---|---|---|
| Paid 1 note of $1,000 July 23, 1870 | $1,000 | |
| "    Interest to date 335 days at 6 per cent. | 55.83 | |
| "    1 note of $1,000 Aug. 24, 1870 | $1,000 | |
| "    Interest to date 304 days at 6 per cent. | 50.67 | |
| "    1 note $1,500 Sept. 23, 1870 | $1,500 | |
| "    Interest to date 275 days at 6 per cent. | 48.75 | |
| "    1 note of $1,000 Oct. 27, 1870 | $1,000 | |
| "    interest to date 246 days at 6 per cent. | 41 | |
| "    1 note of $1,000 Nov. 23, 1870 | $1,000 | |
| "    Interest to date 215 days at 6 per cent.   - | $35.84 | $5,752.09 |

Balance this day   $3,236.66

St. Louis, June 28, 1871,
    W. A. Clendenin, Discount Clerk."
Interest to April 3, 1871   $148.80

$3,385.46.

On, the trial of the case the plaintiff introduced evidence, conducing to prove his demand as stated,—that the money was loaned to D. T. Wright & Co., of which firm Turner Maddox was a member, and notes as set forth were discounted for the loans, which were renewed from time to time by discounting the renewal notes up to the death of Turner Maddox,—and after his death notes were given by the surviving firm as renewals, and at the time this was done it was agreed, that such renewal notes were not to be considered as payment of the notes then due, although such note was given up; it was understood that the plaintiff was to hold the estate of Turner Maddox for the amount of the surrendered notes.

Evidence was also given on the part of the defense conducing to show, that renewal notes were discounts or purchases of the notes taken in renewal. But there was no evidence contradicting plaintiff's evidence in regard to holding Turner Maddox's estate liable for the amount due at the time of his death.

At the trial the plaintiff offered to surrender the unpaid notes, given in renewal after Turner Maddox's death.

It is very manifest from the foregoing facts, that at the time of Turner Maddox's death he was indebted to the plaintiff for the note then existing, and that he so remained indebted as a member of the firm of D. T. Wright & Co. after his death. This debt was not extinguished or paid off by the renewal notes given by the surviving partners after the death of Turner Maddox, as it was expressly understood that such renewal notes were not to be considered as payment or as a release of his liability. As his estate still owes a balance on that note it is wholly immaterial to the estate, whether such balance be considered as part of the original loans or not. It is sufficient, that the balance of the debt still exists, whether in the one shape or the other. The proceedings in the Probate Court are not subject to the technical rules of pleading.

The plaintiff's demand, as stated and presented for allowance, may be treated either as a balance of the original loans or as a balance of the surrendered note due at the death of

35—VOL. LII.

Turner Maddox. The evidence presented it in both shapes, and the instructions given for both parties covered all the points raised or relied on by the either side.

The judgment was for the right party, and is a complete bar to any other claim by the plaintiff against Turner Maddox's estate growing out of these transactions.

Judgment affirmed. Judge Sherwood absent. The other judges concur.