CREWS v. LACKLAND *et al., Appellants.*

1. **Practice, Civil**: PLEADING: PARTNERS.    The common-law rule which prohibited recovery against any one of several defendants sued as joint contractors, unless the proof showed a joint contract, has been abrogated by section 32, p. 1019, Wag. Stat.   Under that section a plaintiff, suing several as partners for breach of contract, may recover against such as he can prove to be parties to the contract without proof of the partnership.

2. **An Instruction** which ignores an issue in the case should not be given.

3. **Damages**: AN INSTRUCTION which fails to limit the amount of damages that may be assessed by the jury to that claimed in the petition is objectionable.

*Appeal from Audrain Circuit Court.*—HON. GILCHRIST PORTER, Judge.

*McFarlane & Trimble, Hockaday & Silver* and *H. C. Lackland* for appellants.

*Kennan & McIntyre* for respondent.

SHERWOOD, C. J.—Defendants, sued as partners for breach of an alleged contract in reference to the herding of cattle, denied all the allegations of the petition.   Trial had, evidence conflicting, and verdict against both defendants.   For plaintiff were given the following instructions : 1. The court instructs the jury, where parties to a contract differ and contradict each other in regard to terms and conditions of the contract, that the jury may take into consideration the acts and conduct of plaintiff and defendants, and all other facts and circumstances in the case, in ascertaining the true import and meaning of the contract, and that if they believe the weight of evidence in the case, taken altogether, is in favor of the plaintiff, their verdict should be in his favor.   2. If the jury believe from the evidence in the case that the defendants, or either of them, made a contract with plaintiff to take and herd for defend-

ants two hundred or more cattle in Audrain county during the season for herding in the year 1873, and agreed to pay him therefor $2 per head, and plaintiff secured ground and water sufficient for that purpose, and stood ready to take and herd said cattle, and that defendants failed to furnish plaintiff said cattle, and that plaintiff relied upon the undertaking of defendants, and was thereby prevented from getting other cattle to herd, they must find for the plaintiff, and assess his damages at the contract price, or such other actual damage as the evidence in the case shows that the plaintiff has sustained by defendants' breach of their said contract.   3  The jury are instructed that the measure of damages is the actual damage plaintiff has sustained (if any) in the premises by reason of the defendants' breach of the contract sued on; and if they believe from the evidence that defendants contracted with the plaintiff to furnish plaintiff two hundred head of beef cattle to herd in the summer of 1873, and that plaintiff hired hands, dug ponds and rented pasture at great expense, and stood ready and willing to receive said cattle to herd for defendants, and defendants failed to furnish said cattle, then they ought to find for the plaintiff in a sum equal to the actual damage the evidence shows has accrued to plaintiff by reason of defendants' failure to keep and perform the agreement with plaintiff as entered into, and assess in plaintiff's favor a sum in dollars and cents as damages.

For defendants these instructions were given:  1. If the jury believe from the evidence in the case that the contract relied on was that plaintiff would herd the cattle of defendants only upon condition that defendants bought cattle, and that defendants failed to purchase any cattle, then the verdict should be for defendants.  2. The court instructs the jury that the burden of proof in this case is upon the plaintiff, and if they believe the evidence to be evenly balanced, the verdict should be for the defendants; so, also, unless the preponderance of evidence is in plaintiff's favor.   Defendants also asked the following instruc-

tion, which was refused: 3. The defendants are sued in this action as partners, and the burden of proof on this point is upon the plaintiff, and, unless the jury are satisfied from the evidence in the case that, at the time of the alleged making of the alleged contract, the defendants were partners, then the verdict must be for the defendants.

I. At common law it is quite clear that the third instruction asked by defendants should have been given.

1. PRACTICE, CIVIL: pleading: part-ners. 2 Glf. Ev., § 483; *Tuttle v. Cooper*, 10 Pick. 281, and cases cited; 1 Chit. Plead. 45; *Kimmel v. Shultz*, Breese 128; *Tomlinson v. Collett*, 3 Blackf. 436. In the case just cited from Massachusetts it was held that, if action be brought against three, two of defendants be defaulted and the third plead that he did not contract jointly with the others, and upon issue joined, verdict and judgment be in his favor, plaintiff was not entitled to judgment against those defaulted, and this upon the ground as stated by Lord Ellenborough in *Weall v. King*, 12 East 452, "that the proof of the contract must correspond with the description of it in all material respects." And unless altered by statute, the rule of the common law, in this regard, would still prevail. This alteration has, however, occurred. Wag. Stat., § 32, p. 1019, provides: "In all actions founded on contracts and instituted against several defendants, the plaintiff shall not be non-suited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto." This section was passed on in *Finney v. Allen*, 7 Mo. 416, and it was held that in consequence of its enactment a similar instruction to the one under discussion was properly refused, and that the section was applicable to suits against partners.

II. The second instruction given for plaintiff is obviously incorrect in that it entirely ignores the question of

2. AN INSTRUCTION. partnership, and permits a recovery against *both* defendants, whether a partnership were proven or not, if "the defendants, or *either* of them, made a contract with

plaintiff," &c.   Even the liberal provisions of the statute before quoted would not cure such an error.   It is true that this instruction does not, in direct terms, tell the jury to find against *both* defendants if believing that certain facts existed, but the instruction does this in effect by directing them, in a certain event, to find for plaintiff and assess his damages, &c.   The issue of partnership was distinctly made by the pleading, and yet this issue was altogether ignored in this instruction, as well as the others given.   We have had occasion before to advert to the fault of restricting the issues to narrower limits than those made by the pleadings.   *Iron Mountain Bank v. Murdock,* 62 Mo. 70, and cases cited.

The second and third instructions for plaintiff were also erroneous in that they, in their respective conclusions, **3. DAMAGES: an instruction.** left it to the jury to say what should be the amount of damages plaintiff should recover, regardless of the amount sued for.   We mention this error merely to condemn it; it has become a harmless one now in consequence of a *remittitur* entered in the court below to the extent of excess of recovery.

For the error committed in giving the second instruction for plaintiff, we reverse the judgment and remand the cause.   All concur.

REMANDED.