WILLIAM SIMPSON, Respondent, v. ELLEN SCHULTE, ADMINISTRATRIX, Appellant.

St. Louis Court of Appeals, April 20, 1886.

1. PRACTICE—OBJECTIONS TO EVIDENCE.—Objections to the exclusion of evidence are not available on appeal, unless they are renewed in the motion for a new trial.

2. —— INSTRUCTIONS.—Instructions based upon evidence excluded by the court are properly refused.

3. PARTNERSHIP—ACTIONS—PARTIES.—The liability of co-partners for the firm indebtedness is joint and several; and a judgment may be rendered against any one or more of the co-partners without the joinder of the others.

4. —— ADMINISTRATION.—The administrator of a deceased partner may be joined with the other co-partners in an action by a firm creditor.

5. —— DEFENCES.—It is no defence to such an action that, prior to the deceased partner's death, the firm had made a general assignment, which is still pending, for the benefit of its creditors; that the claim in suit had been allowed by the assignee; that the firm's assets would be sufficient to pay its debts; that claims in excess of the value of the decedent's estate had been allowed against it; and that the co-partners had conveyed real estate in trust for the payment of creditors, of which real estate the deceased partner owned one-half and the other co-partners owned each one-fourth.

APPEAL from the Madison County Circuit Court, JAMES D. FOX, Judge.

*Affirmed.*

CARTER & WEBER and EMERSON, CAHOON & CAHOON, for the appellant: The individual property of an individual partner must first be applied to the payment of his individual debts before the creditors of a firm, of which the individual partner was a member, can, as to such firm debts, resort to such individual property or

estate. *Phelps v. McNeely*, 66 Mo. 558–9 ; *Matthews v.
Hunter*, 67 Mo. 294–5 ; *Hilliker v. Francisco*, 65 Mo.
604–5 ; *Ackley v. Staehlin*, 56 Mo. 558 ; *Flanagan v.
Alexander*, 50 Mo. 50 ; *Price v. Hunt*, 59 Mo. 263. On
the death of one partner, the surviving partners are
*alone* liable at law upon the debts of their firm. If any
relief is sought to be had against the estate of a dead
partner, in no event can it be other than in equity,
based on the alleged insolvency of the surviving members
of the partnership. 3 Kent's Com. (8 Ed.) pp. 71–2,
sect. 64 ; Story Part. (4 Ed.) p. 567, sects. 361–62 ; *Trus-
tees v. Lawrence*, 11 Paige (N. Y.) 80 ; s. c., 2, Denio
577, and cases there cited ; Burrell on Assignment, pp.
297–8, sect. 211 ; p. 722, sect. 474. Our statute (Rev.
Stat., sects. 57 to 68) does not change the common law
liabilities or rights of surviving partner, other than that he
is required to give bond, and, strictly speaking, he is not
an administrator of the partnership estate, but holds it
as surviving partner. *Denney v. Turner*, 2 Mo. App.
52 ; *Crow v. Weidner*, 36 Mo. 412 ; *Green v. Virden*, 22
Mo. 511 ; *Ober v. Railroad*, 13 Mo. App. 81 ; *The State
v. Wood*, 36 Mo. 73.

J. PERRY JOHNSON, for the respondent, with whom
are MILLS & FLITCRAFT, of counsel : Firm creditors have
through a partner an equitable lien on the firm property,
to subject it to the payment of the firm debts. *Shackel-
ford v. Clark*, 78 Mo. 493. The existence of funds or secu-
rities pledged for the payment of a debt does not prevent
the enforcement of the demand against the general prop-
erty of the debtor. *Shackelford v. Clark*, 78 Mo. 494 ;
*Kansas City Saving Ass'n v. Mastin*, 61 Mo. 435 ; *Thorn-
ton v. Pigg*, 24 Mo. 249 ; *McCune's Estate*, 76 Mo. 200.
It is not true that, on the death of one partner, the
surviving partners are alone liable at law. Rev. Stat.,
sects. 191, 3467 ; *Lenk Wine Co. v. Caspri*, 11 Mo. App.
382. The right of partnership creditors to participate is
recognized in the following cases which were actions at

law. Counsel of ability argued those cases and did not discover the equitable defence suggested by appellants : *Boatmen's Bank v. Mead*, 52 Mo. 543 ; *Powell v. Charless*, 34 Mo. 585.

LEWIS, P. J., delivered the opinion of the court.

Schulte, Hill & Nall were a banking firm, and issued to the plaintiff the certificate of deposit for $1,000, which is the foundation of this suit. Schulte died, and the defendant Ellen Schulte became his administratrix. The suit was instituted against her jointly with the surviving members of the late firm. Judgment for a balance found due was rendered against all the defendants, and the administratrix alone appealed.

The appellant undertook to show, by way of separate defence, that, in the lifetime of Schulte, the firm made a general assignment for the benefit of its creditors, which assignment was still pending and in process of settlement. That the firm also executed a deed of trust conveying a large amount of real estate to secure certain creditors, of which real estate Schulte owned one-half and the other partners one-fourth each. That claims to a large amount against Schulte's individual estate had been allowed in the probate court, and notices had been served for a still larger amount, which would thereafter be allowed. That the total individual estate of the deceased would not be sufficient to pay the claims allowed against it. That the assets of the firm would, when fully realized and settled, be sufficient to pay off all the debts of the firm, including that held by the plaintiff. That the plaintiff had presented to the assignee of the late firm the claim here sued on, and procured its allowance for the full amount due thereon.

The plaintiff objected to all the evidence of these facts as offered, and the court, sitting without a jury, heard it only for the purpose of passing on its admissi-

bility. It was then all excluded, and the defendant excepted.

In the defendant's motion for a new trial, no objection was mentioned against the exclusion of testimony. This fact alone is sufficient to require an affirmance of the judgment. There was no testimony whatever before the court, constituting any defence to the action. Whether this resulted from error in the exclusion of testimony offered, can not here be inquired into, since the error, if any, was not brought to the attention of the court in a motion for a new trial. Such has been the uniform ruling of our supreme court in a number of cases. *Railroad v. Clark*, 68 Mo. 374; *Brady v. Connelly*, 52 Mo. 19; *Vineyard v. Matney*, 68 Mo. 105; *Carver v. Thornhill*, 53 Mo. 283.

But if the proposed facts had all been admitted, they would have constituted no legal or equitable defence whatever. No one of them, nor all together, presented a single reason why the plaintiff's demand was not a just one, and should not be so adjudged. What the appellant insists upon as the "equities" (whether tenable or not) which should be observed in the ultimate settlement of the various claims against the several funds, have nothing to do with the question whether the intestate was a debtor of the plaintiff at the time of his death, and whether such indebtedness should be fairly ascertained and determined by judicial proceeding. The argument for the appellant ignores all distinction between the right to obtain a judgment in the first place, and the methods proper to enforce it when obtained. To the latter, only, belong those carefully elaborated dissertations of learned counsel, on equitable preferences, distribution of assets, etc. It may be true that, if the appellant should pay off the whole of the judgment in this case she would be paying more than her intestate's share of the partnership indebtedness. But what have the plaintiff and his rights to do with that? If he held a legal and enforceable claim against the intestate when

in life, this was not extinguished by the debtor's death, but remained in the same relation to his legal representatives. A court of competent jurisdiction, in a suitable proceeding, could not refuse to declare that relation in a final judgment. If inequalities result, with reference to joint obligors, as surviving partners, these must be adjusted between the estate and them.

Formerly, when a partner died, all existing claims against the firm were, at common law, enforceable only against the surviving partners. There was no way of obtaining contribution from the estate of the deceased partner, except by a proceeding in equity. In process of time, it became the settled doctrine of courts of equity that all partnership obligations were to be treated as joint and several. They were, therefore, enforceable in those tribunals against the estates of deceased partners, but this did not prevent an adherence to certain equitable rules in the distribution of assets, designed to protect the rights of surviving partners and partnership creditors. A preference has generally been given to the firm's creditors in obtaining satisfaction out of the partnership assets. But it by no means follows, as the appellant seems to suppose, that the partnership assets must be exhausted for satisfaction of a partnership debt, before the individual estate of a partner can be proceeded against for the same purpose. No analogy gives countenance to such a conclusion. Each partner is interested in having the firm debts paid, because his own liability becomes thus extinguished, and he may justly demand that the firm's assets shall be devoted to that end, rather than to liquidating the separate indebtedness of other partners. The firm creditor, also, may claim that his credit was given in reliance on the assets of the firm. But when a firm debt is paid out of the separate estate of a partner, no one's rights or equities are interfered with. Not those of the creditor, or of the other partners, of course. And as to the paying partner, he only pays what he has bound himself to pay,

and if it be more than his proper share, he will be entitled to reimbursement from his co-obligors, to the extent of the excess.

As a corollary of the proposition that partnership indebtedness is joint and several, it has universally been considered that a joint creditor might, at his pleasure, proceed to judgment against a single partner in like manner as he might if there were no co-obligor in existence. A striking illustration of this effect appears in *Allen v. Wells* (22 Pick. 450). It is, therefore, held that where a partnership creditor attaches private property, and a private creditor afterward attaches the same property, the partnership creditor retains his lien, although his claims may exhaust the property. See, also, *Boatmen's Sav. Bank v. Mead*, 52 Mo. 543 ; *Cox v. Miller*, 64 Tex. 27 ; *Dahlgreen v. Duncan*, 7 Sm. & Mar. 280 ; *Tucker v. Oxley*, 5 Cran. 40 ; *Hassell v. Griffin*, 2 Jones' Eq. 119. Precedent and principle are so thoroughly harmonious on the conclusions due to a controversy like the present, that we might, without detriment to our position, even pass by our Missouri statute (Rev. Stat., sect. 3467), which settles every doubt in the following words : " Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and who shall be entitled by law to one satisfaction therefor, may bring suit thereon, jointly against all, or as many of the persons liable as he may think proper ; and he may, at his option, join any executor or administrator, or other person liable in a representative character with others, originally liable."

The defendant asked for some instructions adapted to her views of the evidence offered by her. But, as the evidence was not before the court, there could, of course, be no error in refusing the instructions.

The judgment is affirmed. The other judges concur.