B. Ross, Respondent, v. Jno. J. McAnaw, Appellant.

Kansas City Court of Appeals, November 1, 1897.

**Principal and Agent:** AGENT MAKING HIMSELF PRINCIPAL: LIABILITY. Where an agent contracts for work for his principal with the distinct understanding that the agent is to pay for such work, he becomes liable therefor; and the fact that his principal is joined with him in the suit for the price of such work will not release him from his liability.

*Appeal from the Clinton Circuit Court.*—Hon. H. T. Herndon, Judge.

Affirmed.

*F. B. Ellis* and *J. J. McAnaw* for appellant.

(1) The statement is not sufficient to inform defendant of the facts constituting the cause of action. *Hill v. St. Louis Co.*, 90 Mo. 103. (2) While an agent may bind himself in prosecuting his principal's business to a third party, still, if such party makes any attempt to collect from the principal or even charges him with the debt, he thereby loses the right to hold the agent. He can not hold both. *Schepflin v. Dessar,*

20 Mo. App. 573, 575. (3) *"Et ideo, si cum utro eorum actum est, cum altero agi non potest."* Potier, Pand. Lib. 14, title 1, note 17.

*E. J. Smith* for respondent.

(1) There was no error on the part of the court in refusing to give "a peremptory instruction based on the fact that Snyder had been made a party defendant" asked for by defendant. On the contrary it would have been reversible error had the court given such an instruction. R. S. 1889, sec. 2069; *Crews v. Lackland*, 67 Mo. 619; *Finney v. Allen*, 7 Mo. 416. (2) The statutes expressly authorize judgment against one of several defendants. See R. S. 1889, sec. 2207; *Jefferson City v. Curry,* 77 Mo. 230; *McCoy v. Green*, 83 Mo. 626; *Hicks v. Jackson*, 85 Mo. 283; *Pettygill v. Jones*, 21 Mo. App. 210; *Megher v. Stewart*, 6 Mo. App. 498.

SMITH, P. J.—This is a suit which was brought before a justice by the filing of a statement of an account quite similar to that in another suit between the same parties decided by us at the present term. The defendant's objection to the sufficiency of the statement of the present account is answered by what was said by us in the other case just mentioned.

It appears from the evidence that the defendant had been of counsel for the plaintiff in *Snyder v. Free*, then pending in the supreme court, and STATEMENT. that he had, by inadvertence, failed to discover that an essential part of the record had been omitted from the abstract thereof by the printer, and in consequence of which the cause was dismissed. The case was again taken before the supreme court; and to enable that court to take cognizance of it, it became necessary for defendant to prepare and print another abstract and brief. It further appears from the defend-

ant's own testimony that since the case just referred to was dismissed in the supreme court that he considered it to be his duty to print the second abstract and brief at his own expense. The testimony of the plaintiff is to the effect that the defendant requested him, when he, defendant, ordered the printing of the second abstract and brief, "to look to him—defendant—for payment therefor; that he had made an error and purposed to pay for his own mistakes." And that plaintiff did the work with that understanding.

The testimony of the defendant is contradictory of that of the plaintiff in several points. It appears further from the record that the plaintiff, in his account, joined the said Snyder as a codefendant with McAnaw. At the conclusion of the evidence the defendant asked the court to instruct the jury that under the statement of the account and the evidence the verdict should be for the defendant. The plaintiff then dismissed his action as to the defendant Snyder, and thereupon the court refused the defendant's said instruction.

The defendant's contention is that the court erred in rejecting his request for the instruction just referred to and invokes, in support thereof, the rule which is to the effect that where a party deals with the agent of a known principal acting for the principal and the agent nevertheless tenders himself as principal, and he accepts the agent as his debtor, he can not afterward reverse his action and proceed against the principal. *Schepflin v. Dessar*, 20 Mo. 569; Pollock on Contracts, 102.

PRINCIPAL and agent: agent making himself principal: liability.

We are not of the opinion that this rule is applicable to the facts which the evidence here tends to disclose. It tends to show, and the jury, by their verdict under other instructions, so found, that the work specified in the account sued on was done by

plaintiff for defendant in pursuance of an agreement that the latter would pay therefor. It was expressly understood by both plaintiff and defendant that such work was to be done for defendant on his own individual account. Defendant told plaintiff to look to him for payment, and that he proposed to pay for his own mistakes. As to this transaction, the defendant was neither acting as the disclosed or undisclosed agent of Snyder. He was acting for himself alone and so stated to plaintiff. If defendant was not acting in the capacity of agent for Snyder but for himself only, as was the case, it is clear that the rule invoked by defendant is without application.

The plaintiff had no right of election as to whether he would proceed against defendant or Snyder. He had no right on any ground to look to Snyder for payment. Defendant alone was liable. It is true that the plaintiff made Snyder a defendant in the suit. This, of course, availed him nothing since he was clearly not liable. Plaintiff has done no act the effect of which, in law, was to release defendant. The plaintiff had the right, under the statute, to dismiss his action as to Snyder and proceed against the defendant. R. S., sec. 2207; *Crews v. Lackland*, 67 Mo. 619.

As the record before us discloses no reversible error it results that the judgment must be affirmed. All concur.