Bradshaw v. Cochran & Burnham.

JOHN W. BRADSHAW, Respondent, v. COCHRAN & BURNHAM, Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Trial Practice:** EVIDENCE: CREDIBILITY OF WITNESSES. Where issues are submitted to a jury by proper instructions and there is substantial evidence to support the verdict, the weight of testimony and its credibility are jury questions.

2. **Frauds and Perjuries:** PROMISE TO PAY THE DEBT OF AN-OTHER. Defendants were loan agents. Plaintiff borrowed money through them. They made an agreement that they should retain a certain sum until plaintiff made certain improvements on his premises mortgaged as security for the loan. *Held*, this contract was not within the statute of frauds, but was the promise of the defendants.

3. **Principal and Agent:** CONTRACT OF AGENT: AGENT'S LIA-BILITY. Though in a given transaction one acts as an agent, if he contracts individually, he must fulfill his contract, or if he goes beyond his agency, he is personally liable.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*W. F. Calfee* for appellant.

(1) The defendants were acting as agents for H. M. Henley, which fact they disclosed to plaintiff, and are not personally liable. Anson on Contracts (2 Am. Ed.), star page 345; Parsons on Contracts (5 Ed.), pp. 64 and 66; Clark on Contracts (Hornbook Series), page 732; Hamlin et al. v. Abell, 120 Mo. 188; Michael v. Jones Adm., 84 Mo. 578; Western Cement Co. v. Robt. L. Jones et al., 8 Mo. App. 373.

(2)  There is no evidence that appellants agreed to pay plaintiff $75 or any other sum for Henley.  If anything is due the plaintiff it is due from Henley, and these defendants can not be held unless they agreed in writing to pay it.  (3)  Before the plaintiff can recover in this action, if he can recover at all, he must show a compliance with the contract on his part, which we claim he has wholly failed to do.

*Childers Bros.* for respondent.

(1)  As the evidence stands, appellants made themselves principals in the contract with Bradshaw as to the $75, and must answer as such.  Lingenfelder v. Leschen, 134 Mo. 55; Wright v. Baldwin, 51 Mo. 269.  Moreover, at no time did Bradshaw look to Henley for this money; but at all times to appellants, for his pay.  Ross v. McAnaw, 72 Mo. App. 99; Cameron Sun v. McAnaw, 72 Mo. App. 196.  (2)  The action is not one under the statute seeking to enforce the promise of one person to pay the debt of another; but an action on an agreement entered into between Bradshaw, of the one part, and the firm of Cochran & Burnham, of the other.  (3)  The verdict is supported by the evidence and should stand.  Clark v. Skrimski, 77 Mo. App. 166; Hadley v. Orchard, 77 Mo. App. 141; Parsons v. Mayfield, 73 Mo. App. 309; Hays v. Merkle, 78 Mo. App. 383; Tower v. Pauley, 76 Mo. App. 287; Huth v. Dohle, 76 Mo. App. 671; Lail and Hull v. Pacific Ex. Co., 81 Mo. App. 232.

ELLISON, J.—This action is on an account and was begun before a justice of the peace, where plaintiff had judgment.  Plaintiff again had judgment in the circuit court, whence the case was taken by defendants.

It appears that plaintiff, desiring to borrow money and to secure the payment thereof on his fifty-acre farm, applied for the loan to defendants who were agents of one Henley,

who lived in the State of Iowa. The first negotiations for the loan resulted in a disagreement and they were broken off. Subsequently the loan was made, the plaintiff agreeing that he would fence a portion of the land and build an additional room to the house. It was agreed that defendants would keep out $75 of the sum and hold it until plaintiff built the room and fenced the land. With this agreement between plaintiff and defendants he delivered the note and deed of trust on the land for the full amount of the loan and defendants retained seventy-five dollars, agreeing to pay it to plaintiff when the work aforesaid was done. Plaintiff contended that the work was done and defendants that it was not. It was also contended by defendants that in addition to doing the work plaintiff was to have the property insured; this, however, plaintiff denied. These issues were submitted to the jury by proper instructions and the facts found against defendants' theory and in favor of plaintiff. But defendants say that there was no substantial evidence to support the verdict. In view of this we have gone over the evidence and find that defendants' point in this respect is not well taken. If the evidence in plaintiff's behalf is to be credited, the verdict was for the right party. And whether it should be credited was a question exclusively for the jury. Ross v. McAnaw, 72 Mo. App. 99.

But it is said that the defendants' promise to pay the $75 was a promise to pay the debt of Henley for whom they were making the loan, and not being in writing is void under the statute of frauds. Plaintiff properly answers this by the statement that the undertaking by defendants was for themselves and that the promise was to pay their own debt, in which case, of course, it need not be in writing.

The record discloses that the contract to hold the $75 until the improvements were completed was made by these defendants. The money was in their name and that part paid to this plaintiff at the consummation of the loan was paid to

plaintiff by the bank at Milan on defendants' own checks. It is clear that the contract made with plaintiff was their own contract. The law is that even though one is an agent for another in a given transaction, yet if he contracts individually he is responsible for the fulfillment of such contract. And so, also, if one is an agent for one purpose and he assumes, without authority, to act as agent for other purposes, he is personally liable. Lingenfelder v. Leschen, 134 Mo. 55; Wright v. Baldwin, 51 Mo. 269. In this case, no authority was shown (directly or indirectly) to have been conferred upon defendants by Henley to go beyond a loan agency and contract for certain improvements to be made on the farm given in security for the loan.

We are satisfied that no cause exists for reversal and the judgment is affirmed. All concur.