HODEL-MUTTI MANUFACTURING CO., Respondent, v. W. D. HAM, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **PRINCIPAL AND AGENT:** Evidence: Instruction: Assuming Fact. An instruction set out in the opinion is error since it assumes an agency which was an issue of fact under the evidence and should have been submitted to the jury.

2. **PARTNERSHIP:** Joint and Several Liability: Judgment: Common Law: Statute. All contracts which at common law are joint, are joint and several under the statute, and co-partners are severally liable for the debts of the partnership and judgment may go against such parties as the evidence may show to be liable though they are sued as partners.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*R. M. Embry* for appellant.

(1) This judgment must stand or follow the questions of whether Walter S. Ham was a member of the firm of Ham & Ham, or if not was he their agent. No one pretends to say he was a member of the firm but all of the evidence is to the contrary. No one pretends to say he was their agent or that any act of W. S. Ham was ratified and made binding on the company. The judgment against the defendant, W. D. Ham is absolutely without evidence to support it. Bank v. Hainlain, 67 Mo. App. 483; Woolner v. Levy, 48 Mo. App. 469; Powell v. Powell, 23 Mo. App. 365; Hamilton v. Marks, 63 Mo. 167; Bank v. Schoen, 56 Mo. App. 160; Mayes v. Robinson, 93 Mo. 114; Morgan v. Durfee, 69 Mo. 469; Powell v. Railroad, 76 Mo. 80; Ruchenbach v. Ellere, 115 Mo. 588. (2) Instruction numbered 3 asked for by plaintiff told the jury, that it had been shown that Walter S. Ham was the agent of the firm of Ham & Ham. Of course this assumption of fact, especially where there was absolutely no evidence to warrant the assumption is erroneous. The language of the instruction is, "showing the acts and conduct of the firm of Ham & Ham, or of their agent shown to be such by the acknowledgment and ratification of the acts of Walter S. Ham. Wilkerson v. Eilers, 114 Mo. 245; Harrison v. White, 56 Mo. App. 175. (3) You can not sue a partnership on a partnership account and recover in the same action, both on the partnership account and on the individual account of one member of the firm. Moreover the verdict of the jury was for the plaintiff, naming the amount, the defendant was the firm of Ham & Ham, composed of W. D. Ham and W. S. Ham, but the judgment as written singled out one member of the defendant firm and rendered judgment against him.

*Moore & Williams* for respondent.

(1) The finding of the jury was abundantly justified by the evidence. W. D. Ham as one of the partners of Ham & Ham was individually responsible for the firm's debts. It is an unquestionable principal of law that a partnership debt is the individual debt of any one of the partners. R. S. 1899, secs. 889, 892. A plea of abatement would not lie. Oldham v. Henderson, 4 Mo. 295. (2) Mr. W. D. Ham is now estopped from denying, that he is legally responsible for the account sued on, the agency of Walter Ham was fully proved by the habit and course of business of Ham & Ham. Watkins v. Edgar, 77 Mo. App. 148; Bonner v. Lisenby, 86 Mo. App. 666-670; Gibson v. Zerbry, 24 Mo. App. 67; Sharp v. Knox, 48 Mo. App. 170 and citations; Mechem on Agency, sec. 86. (3) The instructions taken together are favorable to appellant. (4) The appellant calls special attention to instruction 3. The instruction may be obscurely expressed, but taken in connection with the other instructions the sentences emphasized, simply leaves it to the jury to say whether it is shown by the evidence that the acts of Walter S. Ham as their apparent agent, were ratified. The comma is left out before the word shown. A case will not be reversed for obscurity or inaccuracy of expression or for harmless error. Swanson v. Sedalia, 89 Mo. App. 121; Danford v. Sedalia, 103 Mo. 172.

BROADDUS, P. J.—The plaintiff sued in a justice's court on an account against defendants and recovered judgment, from which defendant appealed to the circuit court where judgment was again rendered against the latter from which he appealed to this court. The work and materials included in the account sued on were furnished upon the order of Walter S. Ham, who was shown not to be a member of the firm, although sued as such.

The plaintiff introduced evidence tending to show that the said Walter was the agent of the defendant firm; and the defendant introduced evidence tending to show that he was not such agent and that the account was made by the Jack Mining company. Defendant contends that there was no evidence that Walter S. Ham was the agent of the firm, and that for that reason the court should have given his demurrer to the evidence. But there was evidence that for other work done on the order of Walter S., and charged to the firm of Ham & Ham, the latter paid the bill. It is true that the evidence in that respect was not strong, but we are not authorized to weigh the testimony, as it tended to show agency. At the instance of plaintiff the court instructed the jury as follows:

"The jury are instructed that they will take into consideration all the facts and circumstances in this case showing the acts and conduct of the firm of Ham & Ham, or of their agent shown to be such by the acknowledgment and ratification of the acts of Walter S. Ham and the ownership of this property or any part thereof on which the work charged was done, and if from all the facts you believe that the firm of Ham & Ham had the work done or acted in such a manner as to induce the agents of the plaintiff to believe that the work was being done for Ham & Ham, your verdict will be for plaintiff." This instruction was objected to by defendant. It ought not to have been given, for the plain reason that it tells the jury Walter S. was defendant's agent, and that the facts showed him to be such. Whether or not he was the agent of the firm of Ham & Ham was a question for the jury under the evidence. It is not necessary to cite authority on the question.

The plaintiff sued defendant and Walter S. as a partnership and recovered against one of them only. Defendant contends that a part of the account sued on, and for which plaintiff recovered, was on an individual in-

debtedness of one of the partners—therefore, that the judgment is wrong. But the evidence also showed that Walter S. got credit for all the items of the account on the credit of the firm; and if he was its agent the firm is bound for such items. "All contracts which by the common law are joint, shall be construed to be joint and several." [Sec. 889, R. S. 1899.] And, "in all cases of joint obligations and joint assumptions of co-partners, or others, suits may be brought and prosecuted against any one or more of those who are liable." [Sec. 892, idem; Simpson v. Schulte, 21 Mo. App. 639.] "In all actions founded on contract and instituted against several defendants the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto." [R. S. 1899, sec. 625.] This section is held to apply to partnerships. [Crews v. Lackland, 67 Mo. 619; Finney v. Allen, 7 Mo. 416.]

For the error noted the cause is reversed and remanded. All concur.