**KATZ EXCLUSIVE MILLINERY, Inc. v.
REICHMAN et al.
No. 7451.**

United States District Court
W. D. Missouri, W. D.

Sept. 19, 1952.

Kemp, Koontz, Clagett & Norquist, Kansas City, Mo., for plaintiff.

Brenner, Van Valkenburgh & Wimmell, Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendants seek a dismissal of the above action upon the grounds that one of the partners, namely, Dora Stern, does not reside within the jurisdiction of the court. They rely on the provisions of Section 1391, Title 28 U.S.C.A. as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, * * * be brought only in the judicial district where all plaintiffs or all defendants reside."

Since the codefendant, Dora Stern, does not reside in the judicial district, it is obvious that the court, upon her objection, could not exercise jurisdiction over her. Or, stated differently and in a better way, it could not exercise jurisdiction so far as she is concerned, without her consent. It is the contention of able counsel that the said Dora Stern is an indispensable party and therefore the entire proceeding should be dismissed.

Adverting to Section 431.140 RS-Mo 1949, V.A.M.S., it is there provided that:

"In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable."

This substantive law of Missouri is controlling upon the national courts and the parties are at liberty to sue any one or more of the partners jointly liable to the plaintiff. Oldham v. Henderson, 4 Mo. 295; Gates v. Watson, 54 Mo. 585; Hodel-Mutti Mfg. Co. v. Ham, 112 Mo.App. 718, 87 S.W. 608; Taylor v. Sartorious, 130 Mo.App. 23, 108 S.W. 1089.

It would follow that the motion to dismiss should be overruled.