ST. LOUIS BREWING ASSOCIATION, Appellant, v. PATRICK McENROE, Respondent.

Kansas City Court of Appeals, May 8, 1899.

Sales: IMPLIED WARRANTY: REMEDIES OF VENDEE: INSTRUCTIONS. Goods sold for the ordinary price and for a particular purpose known to the vendor carry an implied warranty that they are reasonably fit for the use intended, and if not so fit the vendee may return them to the vendor thereby rescinding the sale or keep the same and defeat recovery of the purchase price to the extent of the difference between the value if the goods had been of the quality contracted for and their real value in their inferior condition. Instructions in this case approved.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

AFFIRMED.

BENTE & WILSON for appellant.

(1)    The court erred in refusing to give plaintiff's instruction number 7.    Huttig, etc. Co. v. Municipal Trust Co., 69 Mo. App. 115; Bank v. Hainline, 67 Mo. App. 483; Stephens v. Supply Co., 67 Mo. App. 587; Wolff, Adm'r, v. Campbell, 110 Mo. 114.    (2)    A valid defense going to breach of warranty or partial failure of consideration should have been specially pleaded.    Agricultural & Mechanical Ass'n v. Delano, 37 Mo. App. 284; Musser v. Adler, 86 Mo.

445. (3) Respondents only claim for damages was for unliquidated damages, and unliquidated damages are not the subject of a set-off. State to use v. Modrell, 15 Mo. 421; Walker v. Lewandovska, 15 Mo. App. 581; McAdow v. Ross, 53 Mo. 199; Haseltine v. Thrasher, 65 Mo. App. 334, 341. (4) The court erred in refusing to give plaintiff's instructions numbers 3 and 5. The plaintiff is only bound to deliver the defendant the same kind of goods that he ordered and to see that they were fit for the purpose for which they were purchased. Beer (being goods sold herein) is a perishable article and yet if it spoiled through any neglect of defendant, plaintiff should not be compelled to bear the loss. Armstrong, Gilbert & Co. v. Tobacco Co., 41 Mo. App. 254. (5) The court erred in refusing to give plaintiff's instruction number 6. The beer in question was of the kind and quality ordered by defendant. Brown v. Weldon, 99 Mo. 564; Armstrong, Gilbert & Co. v. Tobacco Co., 41 Mo. App. 254. (6) The court erred in giving defendant's instruction number 1; it was misleading to the jury. The goods in question may have had a commercial value for some other purpose. Brown v. Weldon, 99 Mo. 564; Danforth & Co. v. Crookshanks, 68 Mo. App. 317; Machine Co. v. Brady, 67 Mo. App. 294.

JOHN CASHMAN for respondent.

(1) The defendant's instructions are within the rule as found in the following authorities: Barr v. Baker, 9 Mo. 850; Murphy v. Gay, 37 Mo. 535; Compton v. Parsons, 76 Mo. 455; Brown v. Weldon, 99 Mo. 564; Keystone Imp. Co. v. Leonard, 40 Mo. App. 477; Armstrong, Gilbert & Co. v. Tobacco Co., 41 Mo. App. 254; Long Bros. v. Armsby Co., 43 Mo. App. 253; Spence v. Crow, 47 Mo. App. 321; Danforth & Co. v. Crookshanks, 68 Mo. App. 311; Comings v. Leedy, 114 Mo. 454. (2) The plaintiff mistakes the record in this case when it raises any point with reference to the set-off or

counterclaim. The record clearly discloses that this was ex-- cluded by the court, both in the evidence and the giving of instructions.

GILL, J.—This is a suit for $421.98 the net price of a car load of beer shipped by plaintiff to defendant in June, 1895. The action was defended in the lower court on the ground that the quality of the beer was not as represented, that it was in- ferior and unmerchantable, and after being kept in store for a, few days became flat and unfit for use so that a large part thereof had to be thrown away. Evidence pro and con ·on these matters was submitted at the trial. The jury returned a verdict, reducing plaintiff's claim from the amount sued for to the sum of $25 and plaintiff appealed.

We fail to discover any substantial reason for disturbing this judgment. Although defendant set up in his answer some elements of damage to which he was not entitled, as that the reputation of his business was injured by handling the inferior beer furnished him by the plaintiff, yet the court excluded the testimony in that respect offered and the jury was instructed to take no account of that claim. There was, however, abundant evidence to prove that the beer was of very poor quality, was unmerchantable, and that defendant was able to sell only a portion thereof and turned a large per cent. of it into the sewer.

Regardless of any representations which the evidence shows plaintiff's agent made respecting the superior quality of the beer, the mere fact that it was sold for the ordinary price and for a particular purpose known to plaintiff an implied warranty then, arose that the beer was reasonably fit for the use intended. And if it transpired that the beer was unfit for the use contemplated, and was unmerchantable, then the defendant might have forthwith returned it to the vendor, thereby rescinding the sale, or might have kept it and

SALES: implied warranty; remedies of vendee: instructions.

demanded a reduction of the purchase price by such amount as the real value fell short of the contract price. If the beer had been wholly worthless for any purpose then the defendant would be under no obligation to return it and he could in that event have defended for the entire contract price, as a total failure of consideration. But if the beer was of *some* value as the jury found, then defendant might defeat a recovery to the extent only of the difference between the value if the beer had been of the quality contracted for and what its real value was in its inferior or unmerchantable condition, in other words would be entitled to a defense as for a *partial* failure of consideration. The following cases declare the law applicable to the facts as found by the jury. Brown v. Weldon, 27 Mo. App. 251; s. c., 99 Mo. 564; Murphy v. Gay, 37 Mo. 535; Danforth v. Crookshanks, 68 Mo. App. 311; Machine Co. v. Brady, 67 Mo. App. 292; Armstrong, G. & Co. v. Tobacco Co., 41 Mo. App. 254.

An examination of the court's instruction shows that the trial judge submitted the issues to the jury on the proper theory and in keeping with the law declared in the foregoing authorities. As to plaintiff's instructions 3, 5 and 6 which the court refused, it is sufficient to say that there was no evidence to justify the two former, and as to the last the point was sufficiently covered by defendant's instruction number 2, given by the court.

Judgment affirmed. All concur.