W. J. PHIPPS et al., Respondents, v. MALLORY COMMISSION COMPANY, Appellant.

**Kansas City Court of Appeals, February 1, 1904.**

1. **PRINCIPAL AND AGENT: Fraud: Liability.** The principal need not authorize the agent to practice a fraud on a third party, yet, if he authorizes his agent to transact business with a customer and in so doing the agent practices the fraud on the customer the principal is liable.

2. ———: ———: **Extent of Authority.** If the customer knows the agent's authority is in writing he should look to the writing to ascertain its extent; but where the principal represents to him that the agent has certain authority the customer is not bound by the writing.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglas*, Judge.

AFFIRMED.

*Eaton & Loomis* for appellant.

(1)   Instruction No. 6 given at the request of the plaintiffs is subject to objection.   Reinhard on Agency, section 345; Glass v. Rowe, 103 Mo. 513; Mechanics' Bank v. Shaumburg, 38 Mo. 228; State v. Bank, 45 Mo. 528; Fisher v. Chouteau, 10 Mo. App. 579; 1 Am. & Eng. Ency. Law (2 Ed.), p. 987; Bank v. Amer, 3 Hill (N. Y.) 262; Casey v. Donovan, 65 Mo. App. 521; Chapman v. Currie, 51 Mo. App. 40; Harkness & Russell v. Briscoe, 47 Mo. App. 196; Newland Hotel Co. v. Furniture Co., 73 Mo. App. 135; Harrison v. Railroad, 50 Mo. App. 332; Reinhard on Agency, sec. 392; Blow v. Spear, 43 Mo. 496; Bicking v. Stevens, 69 Mo. App. 168.   (2)   Instructions No. 5 as well as No. 6, given at the request of the plaintiffs, are a departure from the cause of action alleged and stated in the petition.   Woods v. Campbell, 110 Mo. 572; Brown v. Railroad, 101 Mo. 484; Edwards v. Railroad, 79 Mo. App. 257; Chitty v. Railroad, 148 Mo. 64; James v. Hicks, 76 Mo. App. 108; Ragan v. Railroad, 144 Mo. 623.   (3) Instructions 7 and 8 are intended to bind the defendant, even if the agent traveled entirely outside of his authority and waived commissions which the defendant would have been entitled to receive had the agent, Walker, been acting in their behalf.   (4)   The defendant's demurrer to the evidence and the defendant's instruction No. 15, in the nature of a demurrer to the evidence offered at the close of all of the testimony, should have been given.

*Boyle, Guthrie, Hurt & Davison* for respondents.

(1)   Where the corporation undertakes, through its managing officers, to perform a duty, and selects an individual to whom is delegated the performance thereof, such individual is, for the purpose, the corporation itself, and has authority in everything pertaining

to the execution of the trust undertaken.　State ex rel. v. Railroad, 104 Mo. 104; State ex rel. v. Insurance, 152 Mo. 1; Jones v. Williams, 139 Mo. 1; Perkins v. Railroad, 55 Mo. 201; Chase v. Rusk, 90 Mo. App. 25; Green v. Worman, 83 Mo. App. 568; Insurance v. Owens, 81 Mo. App. 201; Exeter v. Sawyer, 146 Mo. 302; Marshal v. Ferguson, 78 Mo. App. 645; Brick Co. v. Hogsett, 94 Mo. App. 175; Marshall v. Ferguson, 101 Mo. App. 655; Williams v. Railroad, 153 Mo. 487; Fulkerson v. Lynn, 64 Mo. App. 649; Gro. Co. v. Nolin, 83 Mo. App. 73; Cornwall v. Gansen, 85 Mo. App. 678; Ratcliffe v. Lumpee, 82 Mo. App. 335; Morrison v. Sohn, 90 Mo. App. 76; White v. Gilleland, 93 Mo. App. 310; Fisher Co. v. Staed Co., 159 Mo. 362; Sawyer v. Railroad, 156 Mo. 468; Choquette v. Railroad, 152 Mo. 257; Mellor v. Railroad, 105 Mo. 455; Lathrop v. Mayer, 86 Mo. App. 355.

ELLISON, J.—This action arises on account of certain fraudulent conduct charged against defendant's agent in selling to plaintiffs a lot of cattle whereby defendant received from plaintiffs $494.50 more than they should have, and more than they would have, had the transaction been fairly conducted by such agent. The judgment in the trial court was for the plaintiffs.

Since the verdict was for plaintiffs we will state the facts substantially as the evidence in their behalf tends to show.　It appears that plaintiffs were in Kansas City where defendants do business as live stock commission merchants.　That they applied to defendant for a lot of cattle of certain named description. That defendant advised them there was nothing suitable in market, that the market was high in Kansas City at that time, and that they could do better if they would buy through its agent (Walker) in Oklahoma. That defendant notified Walker by letter of plaintiffs' wants, and that he put himself in communication with plaintiffs, and informed them that he knew of a lot of

cattle which would suit them and that they could be had of the owner (a man named Denmark) at a certain price aggregating $4,664. Following this information, he brought plaintiffs and the man whom he represented to be the owner of the cattle together when they (including the agent) looked them over. Plaintiffs complained to Walker that the price was too high, but he repeatedly assured them that it was the least money with which the purchase could be made. That he had tried Denmark in every way for a less price and was refused; but that the cattle were really cheap enough and that the price offered was the very best he knew of in that country. Plaintiffs finally bought the cattle, giving defendant their note and mortgage for the purchase price aforesaid.

In truth, Walker had at this time already purchased the cattle of Denmark, and when he was making these representations to plaintiffs and pretending that he was, as defendants' agent, looking out for plaintiffs' interest and doing the best he could for them with Denmark, he had the cattle bought at the price of $4,169.50. In order to make sure of obtaining the advance price, he colluded with Denmark, of whom he had bought them, that he (Denmark) should pretend to plaintiffs that he was yet the owner and that he, Walker, should not be "known in the deal at all." In this manner plaintiffs were induced to buy at the advanced price, as has just been stated. Plaintiffs paid their note and mortgage and afterwards discovered the fraud as herein set out. They thereupon brought this suit.

It is not claimed that defendant's managing officers knew of or authorized the fraud practiced upon plaintiffs and the sole ground relied upon to charge defendant is its responsibility for the acts of its agent. The trial court was fully as liberal as could be asked in the range of testimony in behalf of defendant and ·in the instructions given at its instance.

The argument advanced here to defeat the judg-

ment rendered covers much more in hypothesis than defendant's case justifies. The only proper contest between the parties was whether defendant informed plaintiff that Walker was its agent in Oklahoma who would buy, or assist them in buying, the cattle which plaintiffs were seeking. And whether Walker thereafter opened communication with plaintiffs by informing them that he had found cattle belonging to Denmark which were what they wanted; and thereafter selling the cattle, or inducing plaintiffs to buy the cattle in the fraudulent manner above stated. It does not make the slightest difference in defendant's liability that it never authorized its agent to practice the fraud. If it authorized him (or, if it had not given such authority, if it told plaintiffs he had authority) to purchase, or assist in purchasing, the cattle which plaintiffs were looking for, then it is responsible for the fraudulent conduct of the agent in and about that business.

It seems that when plaintiffs were in Kansas City defendant's manager told them that he would write to its agent about plaintiffs desiring to purchase the cattle. There was one letter of that nature shown in evidence which tended to show that the agent was merely to inspect any cattle plaintiffs might themselves buy and see if they were such as that defendant could safely loan the purchase price to plaintiffs taking a chattel mortgage on them therefor. But it is of no consequence how narrowly defendant may have restricted its agent's authority, if it, in point of fact, represented to plaintiffs that he had the wider authority.

Nor are we able to understand how it could help defendant if it should be conceded that Walker had bought the cattle of Denmark on his own account prior to the time he first learned that plaintiffs wanted to buy, and that therefore he could not have bought of Denmark with the view and purpose of selling to plaintiffs at an advance. Indeed, we can not discover anything in defendant's entire statement made in this

court which, in any manner, exculpates it, if it made the representations of Walker's agency and he thereafter defrauded plaintiffs in the manner shown.

We discover no substantial error in the action of the court on the instructions. Number two, for defendant, was much more than it should have asked. Although when one dealing with an agent knows that such agent's authority has been committed to writing by the principal, one ought to seek the writing and ascertain the extent of the authority, yet if the principal, himself, informs such person what that authority is, he may safely rely upon it, as against such principal, without looking to see whether he had been told the truth.

We have gone over the brief and argument made in behalf of defendant and found nothing which would justify us in overturning the judgment. If the evidence in plaintiffs' behalf is to be believed, it was manifestly for the right party and it is therefore affirmed. All concur.