## MARY E. HEATH, Respondent, v. GERHARD SCHROER, Appellant.

**Kansas City Court of Appeals, June 4, 1906.**

1. **EQUITY: Fraudulent Representations: Agency: Evidence.** Evidence held to fully establish fraud. The principal is liable for the fraudulent representations of his agent so far as he unjustly realizes gain therefrom.

2. ———: ———: ———: **Parties.** The several agents used by a wrongdoer in consummating a fraud are not necessarily joint parties in an action compelling him to disgorge the money received because of the fraud.

3. ———: ———: ———: **Setting Aside Deed: Condemnation.** The petition for relief against fraudulent representations prayed for the setting aside of a certain quit-claim deed and order for money. The decree set aside same so far as it affected the

plaintiff's right to recover of the defendant. The land had been condemned just prior to the making of the deed. Held, the deed conveyed nothing and was of no practical consequence and the decree in that respect was unnecessary and as the decree affected the rights of nobody but the defendant, it would be permitted to stand.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*Milton Campbell* for appellant.

(1)   A principal who employs an agent may revoke the appointment at any time.   1 Am. and Eng. Ency. of Law (1 Ed.), 444; Swarts v. Earls, 53 Ill. 237. But after the agent has acted on the authority conferred the principal is bound.   1 Am. and Eng. Ency. of Law (1 Ed.), 410; Burt v. Bowles, 69 Ind. 1; Fish v. Clelan, 33 Ill. 238; Dillman v. Nadlehoffer, 119 Ill. 567.   (3) Any person in the world is at perfect liberty to dispute the right of parties to the record in a claim for the condemnation money.   Sec. 7, art. 7, Charter of Kansas City, 1889; Schrieber v. Railroad, 115 Ill. 340; Chicago v. Barbain, 80 Ill. 482; Green v. Railroad, 82 Mo. 657; Walther v. Warner, 25 Mo. 277; Provolt v. Railroad, 57 Mo. 261; St. Joe v. Hamlin, 43 Mo. 282; Garrison v. New York, 21 Wall. 196.

*W. C. Culbertson* and *Scarritt, Griffith & Jones* for respondent.

Filed argument.

ELLISON, J.—This action is in equity and the plaintiff prevailed in the trial court. It appears that in the year 1902 plaintiff was the wife of Frank H. Heath, though they were not living together. At that time she was the owner of a certain lot in Kansas City, Missouri,

which was encumbered by a deed of trust and various special taxes and penalties for paving, sewers, sidewalks, etc., as well as general taxes. That the city of Kansas City had instituted proceedings for condemnation of said property with other lots or tracts, which resulted in the condemnation thereof and an allowance to plaintiff by the jury of $2,000, which allowance was confirmed by a judgment of the circuit court of Jackson county, whereby plaintiff was entitled to receive said sum less the total of encumbrances to which we have referred, amounting to $930.69, leaving the sum of $1,069.31 to which plaintiff was entitled to be paid by said judgment.

The defendant became aware of the existence of this judgment in plaintiff's favor and of the encumbrances thereon and, conceiving the fraudulent design to obtain it from her for a sum greatly less than its value, he engaged or employed said Frank Heath (who was at that time plaintiff's husband but from whom she was separated, as before stated) to obtain from plaintiff a quitclaim deed to the lot by paying her $100. That said Heath, acting for defendant, induced plaintiff to sign a quitclaim deed to the lot for $100 to one Fudge, by fraudulently and falsely representing to her that the encumbrances aforesaid, which would have to be paid out of her judgment of $2,000, would more than consume it and that the $100 was more than she could otherwise get out of it. That plaintiff did not know the amount of the encumbrances and relied upon Heath's fraudulent and false statement. That in order to conceal from plaintiff the real purchaser, the deed was made to Fudge, who immediately conveyed to defendant. The deed from plaintiff did not convey or assign the judgment and when defendant endeavored to obtain the benefit of the judgment, the city officials so advised him.

Afterwards the defendant and his wife called on plaintiff and, representing to her that she had no interest in the judgment, that she had conveyed it by her deed

and that after deducting encumbrances, there was very little, if anything, left, induced her to give him an order on the comptroller of the city for the amount of said judgment for $2,000. That defendant thereupon presented said order and received from the city said sum of $2,000 less the encumbrances heretofore mentioned, amounting to $930.69.

The foregoing is the substance of the finding of facts made by the trial court. That court thereupon stated an account between defendant and plaintiff in which the total encumbrances are placed at $930.69, to which is added $100 paid by defendant, through Heath, for the deed to Fudge, making a total of $1,030.69, which deducted from the $2,000 fraudulently obtained from plaintiff, as herein set out, left a balance of $969.31, for which judgment was rendered. An examination of the evidence has satisfied us with the finding of the trial court. The unfair treatment of plaintiff and the fraud of defendant and his agents were fully established. The agency of Heath for defendant makes the latter liable for his part in the fraudulent representations and deceptions practiced upon the plaintiff so far as regards the money unjustly realized by reason of such fraud. [Greer v. Lafayette County Bank, 128 Mo. 559; Phipps v. Mallory Com. Co., 105 Mo. App. 67.]

Many objections are made to the judgment. In great part, they are based upon technicalities which do not involve the merits of the controversy. We do not consider any of them well founded.

We do not consider that plaintiff made any mistake in not making either Heath, Fudge or the comptroller parties defendant. It could serve no useful purpose and need not prevent a full and fair investigation of defendant's conduct, nor complete relief against him. The several agencies used by a wrongdoer in consummating a fraud, are not, necessarily, joint parties in compelling

him to disgorge a sum of money he has received which belongs to the one defrauded.

Though it was not necessary that Fudge, Heath or the comptroller be made a party in order to obtain the relief granted the plaintiff by the trial court; yet .it is doubtless true that defendant's objection on account of insufficiency of parties has arisen by reason of plaintiff asking in the prayer to her petition that her quitclaim deed to Fudge and her order to the city officials given to defendant be set aside and cancelled. It was not necessary to plaintiff's relief that she put that request in her prayer and the trial court.in the decree in response to that part of the prayer only set aside those instruments "in so far as they or either of them affect the right of the plaintiff to have and recover from the defendant the residue of the amount of said award" to plaintiff. It is plain that the whole scheme was to get from plaintiff her judgment of condemnation money and not the land. The quitclaim deed to the land was a mistaken means to that end. The land upon payment of the money for condemnation, which has been paid to defendant, became public property. The deed, whether set aside, or left untouched, is equally of no practical consequence. The reference in the decree to a partial setting aside, so far as is necessary, need not have been made; but it is not of sufficient moment or importance in this controversy to require that the cause be remanded for correction to be made in that respect. There is no effort made against the action of the comptroller or the city in paying the money to the defendant, nor is there any pretense of affecting the rights or obligations of either.

We have examined the several objections made by defendant, though we do not deem it necessary to enter into any further comment thereon, suffice it to say that we think plaintiff pursued the right remedy and that the result was manifestly for the right party. The judgment is affirmed. All concur.