FERGUSON IMPLEMENT COMPANY, Appellant, v. J. S. PARMER, Respondent.

Kansas City Court of Appeals, January 27, 1908.

SALES: Warranty: Evidence: Instruction. Where an implement is sold for a specific purpose and is wholly useless for that purpose or any other, there is a failure of consideration for the notes for the purchase price. But if not wholly worthless the failure was only *pro tanto* and the evidence is held not to support an instruction set out in the opinion, since the implement fulfilled in some measure, though not properly, the purpose for which it was intended.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

REVERSED AND REMANDED.

*W. R. Clarke* for appellant.

An instruction ignoring a portion of the case or which takes from the jury the principal issue in the case is erroneous. Turner v. Loler, 34 Mo. 461; Greer v. Parker, 85 Mo. 107; Bank v. Metcalf, 29 Mo. App. 395.

*Murry & Searcy* for respondent.

(1) In the sale of personal property there is an implied warranty that it is reasonably suitable for the use and purpose for which it is sold and purchased. Birdsell Co. v. Keys, 99 Mo. App. 458; Brown v. Weldon, 27 Mo. App. 268; Comings v. Leedy, 114 Mo. 478; Brewing Co. v. McEnroe, 80 Mo. App. 429. (1) The evidence clearly shows that the feeder, for which the notes sued on were executed, was wholly worthless for the purpose

for which it was sold and purchased, and was of no value for any other purpose, and that the use and purpose for which defendant purchased same were well known to plaintiff when selling it. (2) Defendant was not bound to rescind the sale upon discovering that the feeder was worthless. He could rescind or keep the property and defend against the full contract price. Birdsell Co. v. Keys, 99 Mo. App. 463; Werner v. O'Brien, 40 Mo. App. 483. (3) And he may do this even though he may have used the property and made partial payments thereon. Danford v. Crookshanks, 68 Mo. App. 311; Werner v. O'Brien, 40 Mo. App. 483. (4) The instructions given in this case by the court fully and fairly covered all the issues in the case, and there was no error committed in refusing the instructions offered by the plaintiff.

BROADDUS, P. J.—This is a suit to enforce the collection of two promissory notes for $80 each executed by the defendant on July 20, 1903, and made payable to the plaintiff. They were due respectively September 1, 1903, and September 1, 1904, each bearing eight per cent interest from date, and given as a consideration for what was called a Monarch Feeder, used in connection with threshing machine.

The defense is that the feeder was wholly unfit for the purpose for which it was intended. The only witness who testified on the part of the defendant was himself. He stated that soon after he bought the feeder he started it to work but he had some trouble with it but that he operated it during the season of that year; and that he operated it the next summer but the governor on it would not work well and he obtained another from plaintiff which he was unable to put on the machine. He admits that after having tried the feeder on the 2d day of August, 1903, he wrote a letter, admitted in evidence, wherein he stated that with the exception of certain defects that it was the finest machine he had ever

seen; that in September following he wrote plaintiff that he would try to take up one of the notes; that in December, 1903, he wrote plaintiff that he would try and pay the note that was due; that on the 30th of January, 1904, he wrote a letter to plaintiff in which he asked for its forbearance and promised to pay on the note $25 or $50 every two or four weeks; that on April the 11th following he sent to plaintiff a check for $50, to be applied on the note; that on the 17th of that month he wrote plaintiff a letter asking if the $50 check he sent had been received; that on June 1, 1905, he wrote a letter asking for the plaintiff's indulgence and for additional time within which to pay the two notes; and that on July 28, 1905, he took credit on the second note for $25.

The plaintiff asked several instructions which the court refused to give. But the court on its own motion instructed the jury as follows:

"The court instructs the jury that one who sells an article, to be used for a particular purpose, impliedly warrants that it is reasonably suitable for the use and purpose for which it is sold and purchased, therefore, if the jury believe and find from the evidence in this case, that the notes sued on were given for the purchase price of a "Monarch Feeder," purchased by defendant from plaintiff, to be used as an attachment to a threshing machine in threshing grain, and that the use and purpose for which defendant purchased said feeder were known to plaintiff, when selling same, and that said feeder was worthless for the purpose for which it was sold and purchased and was of no value for any other purpose, then said notes were without consideration and your verdict must be for the defendant. But if you believe from the evidence that although the machine was not of any value as a feeder, but was of some value for some other purpose then you cannot find for the defendant, on the ground of an entire failure of consideration, for the

notes sued on, but you should in such case find for the plaintiff for the value of said machine for any purpose at the time it was sold, to defendant, with interest as stated in the notes and after deducting from said amount the credits endorsed on said notes." We are of the opinion that said instruction was not proper as all the testimony in the case went to show that the machine was not wholly useless but that it did serve the purpose for which it was intended to some extent. The defendant used it in threshing wheat two threshing seasons although he says it did not act properly.

There was an implied warranty that the feeder would answer the purpose for which it was intended. If the article was wholly worthless the defendant could defeat a recovery on the notes under a plea of want of consideration although he did not offer to rescind or to return the feeder. But if he kept the feeder and did not offer to rescind the contract, and it did not prove wholly worthless he was only entitled to the difference between the purchase price and its value as shown actually to be, as a defense to so much of the notes. [Brown v. Weldon, 99 Mo. 564; Steel and Wire Co. v. Symons, 110 Mo. App. 41.] The instruction was well enough had the facts been otherwise.

All the instructions asked on the part of plaintiff were properly refused. Reversed and remanded. All concur.