WOODS-EVERTZ STOVE COMPANY, Respondent,
v. GRUBBS & COMPANY, HASELTINE, Appellants.

St. Louis Court of Appeals. Argued January 18; Opinion Filed
February 9, 1909.

PARTIES: Partnership: Judgment in Favor of One Party Only.
In an action against two or more partners, it is not error to
render judgment against one partner and in favor of the
others.

Appeal from Greene Circuit Court.—*Hon. Jas. T.
Neville,* Judge.

AFFIRMED.

*S. A. Haseltine, pro se; Wright Bros.* of counsel.

*John Schmook* for respondent.

Where action is commenced against several defendants, plaintiff may have judgment against one of
them only. As in the instance of suit against partnership, where the evidence, as in this case, shows that defendant Haseltine is liable, the judgment against him
is proper. Mfg. Co. v. Ham, 112 Mo. App. 722; Crews
v. Lackland, 67 Mo. 619.

REYNOLDS, P. J.—This suit was originally commenced before a Justice of the Peace against H. A.
Grubbs and S. A. Haseltine, as partners, under the
name of H. A. Grubbs & Co.

The justice rendered judgment against Haseltine
and in favor of Grubbs, dismissing the case as to the
latter. Haseltine appealed to the circuit court.

On a trial there verdict and judgment went in favor of plaintiff and against Haseltine. The question
at issue was as to whether appellant was liable for certain articles alleged to have been purchased of plain-

tiff for the firm. The evidence was conflicting on many, in fact on practically all questions, even on the question of partnership. The appellant asked an instruction in the nature of a demurrer to the evidence which the court refused. Whereupon the court gave one on its own motion. Considering this instruction in connection with the evidence, we find no error in it to the manifest injury of appellant. It fairly submitted the case to the jury. No new or unusual points are presented by this instruction or in the record which require decision for the settling of disputed questions, or for the guidance of courts or litigants in future cases. No useful purpose would, therefore, be subserved by setting out the facts or the instructions. It is contended by appellant that when the case was determined in favor of one partner defendant, it necessarily should have been determined in favor of the other. This is a mistake, and the cases of Vanhoosier v. Dunlap, 117 Mo. App. 529, and Bagnell Timber Co. v. M. K. & T. R. R. Co., 180 Mo. 420, relied on by counsel for appellant, do not support this contention. In those cases plaintiffs were joint contractors and were plaintiffs. Their right under the contract was not a right in each of them but in all. Neither the rule nor its reason apply in the case of defendants occupying or claimed to occupy the position of partners, and also defendants in the case. There was a motion to affirm for various alleged errors in the abstract. We prefer to overrule that—which is done—and to affirm on the merits. Judgment accordingly affirmed. All concur.