CHRISTIANE LAUMEIER et al, Respondents, v.
CLIFFORD M. DOLPH, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. VENDOR AND PURCHASER: Breach of Warranty: Remedies
of Purchaser: Measure of Damages. When the seller of a chat-
tel has been guilty of a breach of warranty, the purchaser has
two remedies: (1) He may take and keep the chattel and sue
for damages growing out of the breach of warranty. In such
case the purchaser may recover the difference in the value be-
tween the chattel as warranted and its actual value in view
of its defective condition. (2) He may, within a reasonable
time, reject and return the chattel to the seller. In that case
the purchaser may recover the full amount paid on account of
the purchase price.

2. ——: ——: ——: Retaining Article for Further Trial.
The law is that if a purchaser is persuaded by the seller to
keep the chattel for a while to give it a proper trial, and he
does so, and it nevertheless does not come up to the warranties,
he may still return the same and recover the amount paid on
account of the purchase price.

3. ——: Principal and Agent: Authority of Agent: Implied
Warranty of Chattel. A vendor of a chattel impliedly warrants
that it is fit for the purpose for which it was intended and it
is not necessary in a suit for damages for the breach of
warranty to show the special authority of the vendor's agent
who made the sale to give such warranty.

4. ——: ——: ——: Principal Retaining Fruits of Sale:
Bound by Representations of Agent. Where a vendor retains
the purchase price of the chattel sold, or the fruits of the con-
tract of the sale which was made by his agent, he cannot repudi-
ate the representations made by the agent in effecting the sale.

5. ——: ——: Warranty of Chattel. Where the agent in sell-
ing an automobile for his principal makes positive representa-
tions as to the quality and condition of the automobile, and
made such representations with the intention of their being re-
lied on and they were relied on by the purchasers, such rep-
resentations, in law, amount to positive warranties.

6. ACTIONS: Defect of Parties: Partnership: Joint Suit Against
Alleged Co-Partners: Recovery Against One. Plaintiffs sued
A and B jointly, as co-partners, for damages for breach of
warranty in the sale of an automobile. A denied the partner-

ship under oath and the evidence tended to show that B. was an employee of A and was acting merely as A's agent in making the sale. At the close of the evidence plaintiffs dismissed as to B, and recovered a judgment against A. *Held,* that this was allowable and proper under Section 624, Revised Statutes 1899. But on rehearing the cause is certified to the Supreme Court because the opinion is in conflict with Meyers v. Railroad, 120 Mo. App. 288.

·Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen,* Judge.

AFFIRMED (*and certified to Supreme Court*).

*Frank K. Ryan* for appellant.

(1)   Plaintiffs sue on an alleged joint contract, and such allegation will not support the verdict herein against one of the defendants on his alleged individual undertaking.   Davis v. Creamery Assn., 63 Mo. App. 477; Waldhier v. Railroad, 71 Mo. 514; Faulkner v. Faulkner, 73 Mo. 327; Bagnell Timber Co. v. Railway, 180 Mo. 420; Van Hoosier v. Dunlap, 117 Mo. App. 529; Meyers v. Railroad, 120 Mo. App. 288.   (2)   Where the buyer of a chattel relies upon an express warranty and accepts the chattel, his measure of damages in an action for breach of contract is the difference in value of the chattel as warranted and the chattel sold, at the time and place of sale.   Courtney v. Boswell, 65 Mo. 196; Spangler v. Kite, 47 Mo. App. 230; Gauss & Sons v. Magee Mfg. Co., 42 Mo. App. 307; Isaacs v. Wannamaker, 189 N. Y. 122.

*Schnurmacher & Rassieur* for respondents.

(1)   In all actions founded on contract and instituted against several defendants, the plaintiff shall not be nonsuited by reason of his failure to prove all of the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto.   Revised Statutes 1899, sec. 624.   The foregoing applies to suits against alleged partners.

Crews v. Lackland, 67 Mo. 621; Finney v. Allen, 7 Mo. 416; Ross v. McAnaw, 72 Mo. App. 99; Hodel-Mutti Mfg. Co. v. Ham, 112 Mo. App. 718. And, of course, the plaintiff may dismiss as to any of the defendants and proceed against the rest. Brown v. Pearson, 8 Mo. 159; Revised Statutes 1899, secs. 889, 892. (2) Where the seller has been guilty of a breach of warranty, the purchaser has two remedies: First, he may take and keep the chattel, and sue for damages, growing out of the breach of warranty; in that case the purchaser may recover the difference in value between the chattel as warranted and its actual value in view of its defective condition; or, second, he may, within a reasonable time, reject and return the chattel to the seller; in that case the purchaser may recover the full amount paid on account of the purchase price. Phares v. Lbr. Co., 118 Mo. App. 546; Implement Co. v. Parmer, 128 Mo. App. 300; Hayner v. Churchill, 29 Mo. App. 683; Brewing Ass'n v. McEnroe, 80 Mo. App 431; Brown v. Weldon, 99 Mo. 568. (3) And if the purchaser is persuaded by the seller to keep the chattel for a while to give it a proper trial, he may, nevertheless, if it does not come up to the warranties, still return the same and recover the amount paid on account of the purchase price. Osborne v. Henry, 70 Mo. App. 29; Osborne v. Mullikin, 88 Mo. App. 350; Courtney v. Boswell, 65 Mo. 196; Walker v. Automobile Co., 124 Mo. App. 628. (4) The seller impliedly warrants that an article is fit for the purposes for which it is intended, and no special authority in the agent to give such warranty need be shown. Armstrong Co. v. Johnson Co., 41 Mo. App. 254; Brewing Association v. McEnroe, 80 Mo. App. 429; Beck v. Holbeck, 109 Mo. App. 184. (5) And if the seller keeps the fruits of the contract of sale, he cannot repudiate the representations of his agent, made in order to affect a sale. McLachlin v. Barker, 64 Mo. App. 511; Fahy v. Grocer Co., 57 Mo. App. 73; Heath v. Schroer, 119 Mo. App. 96; Green v. Worman, 83 Mo.

App. 568. (6) And positive representations as to the quality or condition of the chattel, made with intention of being relied on, amount to express warranties. Childs v. Emerson, 117 Mo. App. 677; Haines v. Neece, 116 Mo. App. 510; Young v. Van Natta, 113 Mo. App. 550.

NIXON, P. J.—Respondents, mother and son, on January 13, 1907, bought from the Myronda Motor Car Company in the city of St. Louis an automobile manufactured by the The Lozier Motor Company and known as No. 417. The purchase price was six thousand dollars which was paid by the joint check of the respondents to the order of the Myronda Motor Car Company, dated January 23, 1907.

On September 14, 1907, plaintiffs brought this suit against Clifford M. Dolph and William Patterson, alleging in their petition that said defendants were copartners in business, engaged in the sale of automobiles or motor cars and doing business under the name of Myronda Motor Car Company. The petition further alleges that on or about the 13th day of January, 1907, defendants showed plaintiffs a certain automobile made by The Lozier Motor Company, and represented to plaintiffs that said automobile was of the latest 1907 pattern as made by the Lozier Company, and that all of its parts were of the latest improved kind as contained in a certain car of the same make then on exhibition in defendants' warerooms, and that the said automobile which the defendants offered to sell plaintiffs was perfect in every respect, and of forty horsepower capacity, and that the same would in all respects run to the entire satisfaction of the plaintiffs; that the defendants also guaranteed that if the said automobile was not in every respect as represented, or if the same should thereafter prove defective, defendants would furnish plaintiffs an entire new, complete and perfect

145 App—6

automobile, chassis and limousine body, of the 1907 pattern as made by the Lozier Company. The petition further alleged that the plaintiffs purchased the said automobile upon the representations and under the guarantees above mentioned; that immediately upon plaintiffs taking possession of the same, it developed that the said representations made by the defendants were not true, but that defendants induced plaintiffs to keep and operate the machine with the view of overcoming the defects by actual operation, and assuring plaintiffs that if such defects were not overcome, the defendants would furnish plaintiffs an entire new chassis and body. That plaintiffs continued to operate said automobile from time to time until the 15th day of March, 1907, when it completely broke down and could not be operated, and was turned over by plaintiffs to defendants, who ever since said date have had possession thereof. The petition further sets out in detail wherein the said automobile was not as represented, in that certain of its parts were damaged or defective, or were different from what they were represented to be by the defendants. That said defects were of such a nature that it was impossible for plaintiffs to operate the automobile satisfactorily, and that defendants were informed of said defects from time to time, but failed or were unable to remedy the same. That defendants, in accordance with their said guarantee, from time to time promised plaintiffs a perfect automobile, but failed to furnish same; that by reason of defendants' breach of their said contract, and by reason of their said misrepresentations in regard to the automobile so sold by them plaintiffs were damaged in the sum of six thousand dollars, for which they asked judgment.

Defendant Dolph filed an affidavit denying the existence of any partnership between himself and defendant Patterson, and also filed a general denial as his answer. Defendant Patterson filed simply a general denial.

The evidence of the plaintiffs tended to support the substantial allegations of their petition and tended to show that the plaintiffs purchased the automobile of the Myronda Motor Car Company, which, the evidence shows, was composed solely of defendant Dolph.

The jury returned a verdict for plaintiffs for the sum of six thousand dollars and the case is here on the appeal of defendant Dolph.

I.  The only serious legal question raised in this case, outside the alleged defect of parties which will be considered, is as to the measure of damages.

The trial court instructed the jury that if they found the issues for the plaintiffs, the measure of damages which the plaintiff would be entitled to recover would be "the reasonable value of such new automobile at the time of the demand and refusal to deliver the same."

Appellant claims that this was an erroneous statement of the law governing the facts of this case, and that the true rule of law which should have been declared by the court is that where the buyer of a chattel relies on an express warranty and accepts the chattel, his measure of damages in an action for a breach of the contract is the difference in value of the chattel as warranted and the chattel sold at the time and place of sale, and that on that account, the measure of damages as declared by the court in its instruction for the plaintiff was erroneous, and that the instruction tendered by the defendant presenting his view of the law should have been given instead.

The instruction asked by the defendant has no application to the facts of this case. Recovery is sought by plaintiffs in this case on the theory that within a reasonable time, the plaintiffs, after the purchase of the automobile, upon defendant's warranty, the car not proving to be of the character and kind warranted, rejected and returned the car to the seller. Where the

seller has been guilty of a breach of warranty, the purchaser has two remedies: (1) He may take and keep the chattel and sue for damages growing out of the breach of warranty. In such case, the purchaser may recover the difference in value between the chattel as warranted and its actual value in view of its defective condition. (2) He may, within a reasonable time, reject and return the chattel to the seller. In that case, the purchaser may recover the full amount paid on account of the purchase price. The plaintiffs in this action chose to pursue the latter course. They rejected the automobile and returned it to the seller and were therefore entitled to recover the full amount paid on account of the purchase price. [Phares v. Jaynes Lumber Co., 118 Mo. App. 546, 94 S. W. 585; Ferguson Implement Co. v. Parmer, 128 Mo. App. 300, 107 S. W. 469; Hayner v. Churchill, 29 Mo. App. 676, 683; St. Louis Brewing Ass'n v. McEnroe, 80 Mo. App. 429; Brown v. Weldon, 99 Mo. 564, 568, 13 S. W. 342.]

The petition in this case charges that the plaintiffs were induced by the defendants to keep the automobile and to give it further trial; and they, acting under defendants' instructions, made several efforts to make it work and that it proved to be defective and comparatively worthless and did not come up to the warranties, and that thereafter they returned it. The law is that if a purchaser is persuaded by the seller to keep the chattel for a while to give it a proper trial, and he does so, and it nevertheless does not come up to the warranties, he may still return the same and recover the amount paid on account of the purchase price. [Hayner v. Churchill, supra; Osborne v. Henry, 70 Mo. App. 19; Osborne v. Mullikin, 88 Mo. App. 350; Courtney v. Boswell, 65 Mo. 196; Walker v. Grout Brothers Automobile Co., 124 Mo. App. 628, 102 S. W. 25.]

The defendants impliedly warranted that the chattel was fit for the purpose for which it was intended and no special authority in the agent, Patterson, who

made the sale, to give such warranty need be shown. [Ferguson Implement Co. v. Parmer, supra; Armstrong v. Johnson Tobacco Co., 41 Mo. App. 254; St. Louis Brewing Ass'n v. McEnroe, supra; Beck v. Holbeck, 109 Mo. App. 179, 184, 82 S. W. 1128.]

As the appellant, Dolph, who sold the plaintiffs the car, kept the fruits of the contract of sale made by his agent, he cannot repudiate the representations of Patterson as his agent made to effect the sale. [Hayner v. Churchill, supra; McLachlin v. Barker, 64 Mo. App. 511; Fahy v. Springfield Grocer Co., 57 Mo. App. 73; Heath v. Schroer, 119 Mo. App. 93, 96, 96 S. W. 313; Green v. Worman, 83 Mo. App. 568.]

The evidence very clearly shows that the agent, Patterson, made positive representations as to the quality and condition of the automobile in question; that he made such representations with the intention of their being relied on and that they were relied on by the purchasers, the plaintiffs. Under such circumstances, such representations, in law, amount to positive warranties. [Childs v. Emerson, 117 Mo. App. 671, 93 S. W. 286; Haines v. Neece, 116 Mo. App. 499, 510, 92 S. W. 919; Young v. Van Natta, 113 Mo. App. 550, 88 S. W. 123.]

We find, therefore, that the instruction for the plaintiffs properly declared the law and the instructions requested by the defendant were properly refused.

II. The petition alleged that the defendants, Clifford M. Dolph and William Patterson, were co-partners, engaged in the sale of automobiles and doing business under the name of Myronda Motor Car Company.

As stated, defendant Dolph filed an affidavit denying the existence of a partnership between himself and Patterson, and also filed an answer denying generally the allegations of the petition. Defendant Patterson filed a separate answer, being a general denial.

At the trial, defendant Dolph denied that any partnership existed between himself and Patterson and explained that Patterson was his employee and was also in the employ of other parties; that the business of the Myronda Motor Car Company was his personal and exclusive business. He identified the letter-press used in his business and plaintiffs proceeded to read therefrom certain letters written by Dolph, as the Myronda Motor Car Company, to the Lozier Motor Company, which latter company was the manufacturer of the automobile in question, and from which defendant Dolph had bought said automobile. Counsel for defendant objected to the letters for the following reasons: "Because the petition alleged a joint contract on the part of Dolph and Patterson and a joint sale by them to plaintiffs, whereas the letters were at most the individual statements of defendant Dolph; that it apppeared from the testimony that Dolph and Patterson were not partners, and that the transactions between the Myronda Motor Car Company and plaintiffs were the business of defendant Dolph alone, so that under the allegations of the petition alleging a partnership between defendants and that defendants made representations and guarantees, proof that Dolph individually made representations and guarantees would not be admissible, in the absence of evidence of partnership, because such proof would not correspond with the allegations of the petition. In other words, plaintiffs alleged a joint contract, and offered evidence tending to prove a several contract of defendant Dolph." The trial court overruled the objections.

At the close of all the evidence, the plaintiffs dismissed as to Patterson. Whereupon, defendant Dolph moved to dismiss the case on the ground that the action, having been brought against Dolph and Patterson as partners under a joint contract, if plaintiffs could not recover under a joint contract they could not recover at all. The motion was overruled.

The court, in its instructions given at the request of plaintiffs, carried out the theory that a recovery might be had against Dolph alone if the facts so justified and instructed the jury accordingly. Defendant Dolph offered an instruction based upon his theory that a recovery against him alone could not be had, which instruction the court refused to give.

Section 624, Revised Statutes 1899, provides: "Plaintiff not to be nonsuited, when.—In all actions founded on contract and instituted against several defendants the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto."

That this statute applies to suits against alleged partners was expressly decided in the case of Crews v. Lackland, 67 Mo. 619. In that case, the defendants were sued as partners for the breach of an alleged contract in reference to the herding of cattle. The defendants asked an instruction that "unless the jury are satisfied from the evidence in the case that, at the time of the alleged making of the alleged contract, the defendants were partners, then the verdict must be for the defendants." The court say: "At common law it is quite clear that the third instruction asked by defendants should have been given. . . . And unless altered by statute, the rule of the common law, in this regard, would still prevail. *This alteration has, however, occurred.* Wag. Stat., sec. 32, p. 1019, provides: 'In all actions founded on contracts and instituted against several defendants, the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto.' This section was passed on in Finney v. Allen, 7 Mo. 416, and it was held that in consequence of its enactment a similar instruction to the one under

consideration was properly refused, *and that the section was applicable to suits against partners."*

This ruling has been followed in many cases. [Hodel-Mutti Mfg. Co. v. Ham, 112 Mo. App. 718, 87 S. W. 608; Ross v. McAnaw, 72 Mo. App. 99; Woods-Evertz Stove Co. v. Grubbs & Co., 135 Mo. App. 466, 116 S. W. 5.]

Appellant contends that the case of Bagnell Timber Co. v. M., K. & T. Ry. Co., 180 Mo. 420, 79 S. W. 1130, lays down a different rule. The same contention was urged by appellant in the late case of Woods-Evertz Stove Co. v. Grubbs & Company, 135 Mo. App. 466, 116 S. W. 5, where the St. Louis Court of Appeals was required to pass on the same question. H. A. Grubbs and S. A. Haseltine were sued as partners, under the name of H. A. Grubbs & Company. In the trial court, judgment was for plaintiff against Haseltine. The court, speaking through REYNOLDS, P. J., said:

"The question at issue was as to whether appellant was liable for certain articles alleged to have been purchased of plaintiff for the firm. The evidence was conflicting on many, in fact on practically all questions, even on the question of partnership. The appellant asked an instruction in the nature of a demurrer to the evidence which the court refused. . . . It is contended by appellant that when the case was determined in favor of one partner defendant, it necessarily should have been determined in favor of the other. This is a mistake, and the cases of Vanhoosier v. Dunlap, 117 Mo. App. 529, and Bagnell Timber Co. v. M., K. & T. Ry. Co., 180 Mo. 420, relied on by counsel for appellant, do not support this contention. In those cases plaintiffs were joint contractors and were plaintiffs. Their right under the contract was not a right in each of them but in all. Neither the rule nor its reason apply in the case of defendants occupying or claimed to occupy the position of partners, and also defendants in the case."

Neither in the opinion nor in the briefs of counsel in the Bagnell Timber Co. case was reference made to section 624, Revised Statutes 1899, or to the case of Crews v. Lackland and others which follow it. The law is correctly declared in the case of Crews v. Lackland, and we therefore hold in this case that section 624, Revised Statutes 1899, is applicable to suits against alleged partners, and that a judgment against one of them was proper. The judgment is accordingly affirmed. All concur.

ON MOTION FOR REHEARING (July 19, 1910).

PER CURIAM.—The motion for rehearing is overruled. As the opinion heretofore filed in this case is in conflict with the opinion in the case of Meyers v. M., K. & T. Ry. Co., 120 Mo. App. 288, 96 S. W. 737, decided by the Kansas City Court of Appeals, this cause is certified to the Supreme Court for its decision.