PROGRESSIVE FINANCE AND REALTY COMPANY, INC., APPELLANT, v. ROBERT STEMPEL, DOING BUSINESS AS STRAND THEATRE, RESPONDENT.—95 S. W. (2d) 834.

St. Louis Court of Appeals.   Opinion filed July 14, 1936.

Rehearing denied July 20, 1936.

*Sheridan, Sheridan & Robertson* and *Hugh D. McCorkle* for appellant.

*John F. Clancy* and *Jesse T. Friday* for respondent.

724

SUTTON, C.—This action is founded on a promissory note dated October 23, 1929, for $2703, payable in monthly installments of $225.25 each, the first installment being payable on November 23, 1929. The note was given to the North American Sound and Talking Picture Equipment Corporation, for a·part of the purchase price of one Type 1 M. D. Tone-O-Graph Reproducing Unit, consisting of two turn tables, two pick ups, one Double Channel Amplifier, one Monitor Horn and two Dynamic Speakers, one Fader and one Sound-on-Film equipment, sold by the North American Sound and Talking Picture Equipment Corporation, to the defendant on October 23, 1929, for the price of $3050, plus a carrying charge of six per cent. At the time of the purchase defendant paid the North American Sound and Talking Picture Equipment Corporation $500 in cash. This left a balance due, including the carrying charge, of $2703, for which the promissory note was given. On February 7, 1930, defendant paid to the North American Sound and Talking Picture Equipment Corporation the first installment of $225.25, which according to the terms of the promissory note fell due on November 23, 1929. The sale, which was a conditional one, was evidenced by a written contract, of even date with the promissory note, executed by the North American Sound and Talking Picture Equipment Corporation and the defendant. On March 1, 1930, plaintiff notified defendant that the contract of sale and the promissory not had been assigned to plaintiff by the North American Sound

and Talking Picture Equipment Corporation, and that the balance due thereon was $2447.75.

The petition alleges the execution of the note and contract, and the assignment of them to plaintiff by the North American Sound and Talking Picture Equipment Corporation, and prays judgment for $2703, together with interest.

Defendant in his answer pleads breach of warranty, failure of consideration, and rescission.

The trial was had before the court without a jury, and resulted in a judgment for the defendant. Plaintiff appeals.

The plaintiff insists upon a reversal of the judgment here on the ground that the judgment is not supported by the evidence.

In view of this insistence, it becomes necessary to set out the testimony in some detail.

Defendant testified in substance as follows: "I live at 220 North Second Street, St. Charles. I operate what is known as the Strand Theatre in St. Charles. I signed the conditional sales contract and the note in suit here. The North American Sound and Talking Picture Equipment Corporation had their engineer here to install this equipment about the latter part of December, 1929. That is when they commenced the installation. The installation was made under the supervision and direction of the engineer of the North American Corporation. The installment was completed about the first week in February. After the installation I showed pictures on the screen with the sound on film. It was very unsatisfactory. The sound was raspy, indistinct, not clear, not understandable. It would jump some times and in doing that it would not syncronize with the picture, that is, when the person on the screen would open his mouth in talking, the sound would come afterwards or before. It was neither intelligible nor understandable. It never was clear, never was satisfactory. After I had operated the machine and found it to be as I just stated, I made a complaint to the North American Corporation. About February 10th, I wrote them a complaint and they never remedied it. I made complaint again by letter on March 14th, and again by letter on April 29th, but the defects complained of were never remedied. In my last letter I requested the immediate removal of all parts of the outfit from my theatre. The request went unheeded. I removed the outfit at my own expense, and it is still stored at my place of business. The payment of the first installment of $225.25 was made on February 7, 1930, which was about the time the installation had been completed and approved by the engineer of the North American Corporation. That was before I knew that the machine was not satisfactory."

J. H. Bradford testified for the defendant in substance as follows: "I am a moving picture salesman. I know the defendant and I know his picture show, the Strand Theatre, in St. Charles.

I went to his theatre some time in February, 1930. A picture was being shown. The sound was awful—terrible. It was like the sound of what you call static on the radio. It had a screechy, whistling sound that did not let the voices of the different characters of the picture be audible to the audience. It was not understandable outside of possibly a word here and there so that one could not connect the sentences. It was like static on a radio, raspy and screechy. It interfered with the sound of the voices of the characters on the screen. It was indistinct."

Like testimony was given by a number of other witnesses introduced on behalf of defendant.

There was unquestionably an implied warranty in the sale of this machine that it would accomplish the purpose for which it was made. [Comings v. Leedy, 114 Mo. 454, 1. c. 478, 21 S. W. 804; Creasy v. Gray, 88 Mo. App. 454; Aultman, Miller & Co. v. Hunter, 82 Mo. App. 632; Skinner v. E. F. Kerwin Ornamental Glass Co., 103 Mo. App. 650, 77 S. W. 1011; Ferguson Implement Co. v. Parmer, 128 Mo. App. 300, 107 S. W. 469; Laumeier v. Dolph, 145 Mo. App. 78, 130 S. W. 360; Lindsborg Milling & Elevator Co. v. Danzero, 189 Mo. App. 154, 174 S. W. 459; Eisenbarger v. Wilhite (Mo. App.), 238 S. W. 159; Emerson-Brantingham Imp. Co. v. England (Mo. App.), 186 S. W. 1181; J. B. Colt Co. v. Preslar (Mo. App.), 274 S. W. 1100; National Cash Register Co. v. Layton, 207 Mo. App. 454, 232 S. W. 1091; Columbia Weighing Machine Co. v. Young (Mo. App.), 4 S. W. (2d) 828.] And the testimony of the witnesses, which stands undisputed in the record, clearly shows a breach of this warranty. This undisputed evidence shows not only that the machine failed to accomplish the purpose for which it was made, but shows that it was worthless for any purpose, so that there was an utter failure of consideration. Moreover, the evidence shows that upon discovering the breach of warranty, defendant tendered a return of the machine and thus rescinded the contract of sale, which he was clearly entitled to do.

The chief reliance of the plaintiff is put upon the following provision of the contract of sale.

"I admit notice of the intended assignment of this contract and note and agree that if this contract and note be assigned all payments shall be made to assignee absolutely, hereby waiving all rights now or hereafter existing in my favor against you to make any defense, counterclaim or cross-complaint to any demand or action brought by assignee to recover payments due under this contract and note or to recover possession of said chattels, I further agreeing that all claims or demands on my part against you shall be independent of any action by assignee against me."

This provision is obviously void as against public policy, in that it is designed to settle in advance the substantive rights of the parties

under the contract and oust the courts of their jurisdiction to determine such rights. It is settled law that parties cannot by contract oust the courts of their jurisdiction. After a right has accrued, or an obligation has been incurred, a party may waive his rights or refuse and neglect to enforce them, but it is not permissible for him to stipulate in advance that in the event of differences arising in the future he will deny himself the right to resort to the courts for their settlement. The State has an interest in all of its inhabitants, and it is to its interest that the rights of all should be protected and enforced according to the course of jurisprudence it has provided. For that reason its courts are always open for the redress of wrongs, and no person can by contract deprive himself in advance of the right to resort to them. [Brucker v. Georgia Casualty Co. (Mo.), 32 S. W. (2d) 1088; Goerss v. Indemnity Co. of America (Mo. App.), 3 S. W. (2d) 272, l. c. 276; San Francisco Securities Corp. v. Phoenix Motor Co., 25 Ariz. 531.]

We are unable to agree to the suggestion of plaintiff that it is protected as an innocent purchaser of a negotiable instrument. Three installments of the promissory note in suit were past due and unpaid at the time plaintiff purchased it. Plaintiff knew this. Its letter of March 1st to defendant so shows. It is true that in this letter plaintiff stated that the balance of $2447.75 started with the installment of March 23, 1930. Plaintiff says that this shows an extension of the time for the payment of the installments, so that the December installment did not become due until March 23, 1930. We are unable to see that this letter shows anything more than the willingness of the plaintiff to so extend the time of payment, but we are unaware of any rule of law permitting the endorsee of a past due promissory note to thus restore the negotiability of the note after purchasing it, so as to make himself a purchaser in due course. Moreover, in this case there is no showing whatever that plaintiff at the time it purchased the note had no knowledge of the existing defenses thereto.

The Commissioner recommends that the judgment of the Circuit Court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the Circuit Court is accordingly affirmed. *Hostetter, P. J., Becker* and *McCullen, JJ.,* concur.