THE STATE *ex rel.* BELL, *Public Administrator, Appellant,* v. NOLAN *et al.*

1. **Public Administrator** : BOND : SURETIES. Sureties on the official bond of a public administrator may resort to proceedings under chapter 66 of the Revised Statutes of 1879 (secs. 3906, *et seq.*) to terminate their liability.

2.  **Pleading:** PRINCIPAL AND SURETY : DISCHARGE OF SURETY : NOTICE. An answer in a suit upon the bond of a public administrator which alleges an application for discharge as surety, made "after due notice as required by law," and sets out the record of the proceedings upon the hearing of the application which recites that the principal was present, satisfies the requirements of the law as to notice.

3.  **Probate Court:** SPECIAL TERM : PRESUMPTION. In the absence of any showing on the subject it will be assumed that a special term of a probate court was properly and lawfully held.

4.  **Practice:** DEFAULT : JUDGMENT. A plaintiff who stands on his demurrer to the answers of some of several defendants, without taking steps to have judgment entered against a defaulting defendant, cannot be heard to insist for the first time in the appellate court that he was entitled to judgment against the latter.

*Appeal from Jackson Circuit Court.*

AFFIRMED.

PLAINTIFF brought this action to recover for an alleged breach of the official bond of the former public administrator while in charge of the same estate. Defendants are the principal in that bond and his sureties.

The defendant principal entered his appearance but made no defense. The sureties filed answers to the effect that, prior to the alleged breach, they had been released from subsequent liability as sureties by proceedings under chapter 66, Revised Statutes, 1879 ( section 28 and following ).

The answers state the particular steps taken in that behalf and recite the record entries of the probate court of Jackson county ( referred to in the opinion ) which are as follows :—

" Jas. Horrigan        ⎫
  *vs.*          ⎬ December 7, 1881.
" George N. Nolan,.     ⎪
  " Pub. Adm'r, etc. ⎭

" Now at this day comes the petitioner by his attorney, as well as the defendant by his attorney, and

it appearing to the satisfaction of the court, that the petitioner, James Horrigan, has, since he became one of the sureties of the defendant on his official bond, removed from the county of Jackson, it is ordered that the prayer of the petitioner be granted and that the said defendant, as public administrator, as aforesaid, be required to file a new bond as such public administrator, in the sum of twenty thousand dollars ($20,000) on or before the seventh day of February, 1882."

"Special term, February 7, 1882.

"Now at this day comes O. P. W. Bailey, judge of the probate court of Jackson county, Missouri, and orders that a special term of said court be held on this day, and at which said special term the following proceedings were had and made, to-wit:—

"In the matter of the new bond of George N. Nolan as public administrator of Jackson county.

"Now at this day the court approves the new bond of said public administrator (heretofore filed) herein in the sum of twenty thousand dollars, conditioned as the law directs, with John Endres, Joseph H. Breen, Patrick Mugan, Henry T. Hereford and D. S. Self as securities thereon.

"Ordered that court do now adjourn.

"O. P. W. BAILEY, Judge."

To these defenses plaintiff demurred, unsuccessfully. He then elected to stand by the demurrers, and appealed.

*Wash. Adams* for appellant.

(1) The demurrer to the answers should have been sustained for the following reasons: (*a*) Because it appears on the face thereof that the probate court of Jackson county had no jurisdiction in the matter of releasing the old bond and approving the new. Chapter 66 of the Revised Statutes of 1879 has no application to

public administrators. The manner of releasing the bondsmen of a public administrator is provided in chapter 1, Revised Statutes of 1879, sections 28, 29, 30. The general terms employed in sections 3906 to 3920 of chapter 66, Revised Statutes, 1879, are repealed and modified *pro tanto* so far as concerns public administrators and their bondsmen by Revised Statutes, 1879, section 307. When a new statute covers the whole subject embraced in a former one and makes different provisions as to procedure, etc., the former is by necessary implication repealed, because substituted. *United States v. Tynen*, 11 Wall. 88; *United States v. One Case of Hair Pencils*, 1 Paine (U. S.) 405-6; *Dowdell v. State*, 58 Ind. 333; *State ex rel. v. Severence*, 55 Mo. 386-7; *People v. Burt*, 43 Cal. 561; *State v. Roller*, 77 Mo. 120-129; *People v. Van Nort*, 64 Barb. 205; *Willing v. Bozman*, 52 Md. 44; *United States v. Clafflin*, 97 U. S. 546; *State ex rel. v. Pearcy*, 44 Mo. 159; *Railroad v. Cheyenne*, 113 U. S. 516. Especially when the first statute is general in its provisions, embracing every class of persons, and the latter is affirmative and affects only a single class, should the latter be deemed a repeal *pro tanto*. *Railroad v. Cheyenne*, 113 U. S. 516. Or, at least, create an exception to the general provision. *Dewey v. C. C. & M. Co.*, 42 Mich. 399; *Griffith v. Carter*, 8 Kan. 565; *Wood v. Williams*, 61 Mo. 63; *Nunes v. Wellisch*, 12 Bush (Ky.) 363. (2) (*a*) The probate court had no jurisdiction for the additional reason that it appears upon the face of the answer that proper notice was not given the administrator of the application of the surety for discharge. (*b*) The order granting the prayer of the petition and requiring a new bond does not, *ipso facto*, release the securities on the old bond. This result is not accomplished until the new bond is "taken, approved and filed." *Wood v. Williams*, 61 Mo. 63. (3) The probate court of Jackson county had no power to call a special term. (4) But

if we are wrong as to this, and the Jackson county probate court had power to convene a special term, we feel confident that the judge had no power to make an order for a special term in vacation and hold the term on the same day. We submit that the order is a nullity. It was not made by the court in term time, but by the judge in vacation. (5) There is yet another reason why the judgment of the lower court should be reversed, and that is, because the plaintiff was entitled to judgment against defendant Nolan. *Ferguson v. Thatcher*, 79 Mo. 511.

*A. M. Allen* for respondents.

BARCLAY, J.—The defense of the sureties on the original bond of the public administrator is, in substance, that one of them in November, 1881, filed in the probate court of Jackson county his petition (duly verified) for discharge from further liability because of his removal from the county; that, after "due notice, as required by law" to the administrator, the application was heard and resulted in an order of that court granting the application and requiring the administrator to file a new bond on or before February 7, 1882. Before that date the new bond was approved and filed in compliance with the former order, if the probate record of February 7, 1882, is to be taken as valid, respecting which more will be said later on.

This outline of the defense is sufficient to show the principal issue in the case.

Plaintiff contends that chapter 66, Revised Statutes, 1879, entitled "Of sureties and their discharge," has no application to public administrators.

The trial court held that it did apply to such officers.

Several sections of our statutes bear more or less directly on the question thus presented.

In the chapter on administration we find provisions making the public administrator (of Jackson and other

counties) an elective officer ; empowering the court to demand of him from time to time such additional security as the condition of the estates in his charge may require (R. S. 1879, sec 303), and further declaring that, "in addition to the provisions of this article, he and his securities shall have the same powers as are conferred upon, and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors and administrators by this chapter, so far as the same may be applicable." (R. S. 1879, sec. 307.)

We read also in the general law of administration (R. S. 1879) the following :

"Sec. 28. If any person bound as security in the executor's or administrator's bond file in the probate court an affidavit stating that the affiant has sufficient cause to believe, and does believe, his co-security has died, or has, or is likely to become insolvent, or has removed from the state, or that the principal in such has, or is likely to become insolvent, or is wasting the estate, and shall have given to the principal in such bond at least ten days' notice of such complaint, the court shall examine into the complaint.

"Sec. 29. If the court shall find the complaint mentioned in either of the preceding sections to be just, it shall order another bond and sufficient security to be given.

"Sec. 30. Such additional bond, when given and approved, shall discharge the former securities from any liability arising from any misconduct of the principal, after filing the same, and such former securities shall only be liable for such misconduct as happened prior to the giving of such new bond.

"Sec. 31. If such person fail to give such additional bond and security within ten days after the making of such order, it shall be the duty of the court to revoke his letters, and his authority from that time shall cease."

The sections of law (R. S. 1879) upon which the defense relies are these:

"Sec. 3906. Any person bound as surety in any bond given by any officer, to secure the faithful performance of the duties of such officer, may, on his petition, in writing, addressed to the court, authorized by law, for the time being, to take and approve such official bonds, be discharged from all future liability on such official bond.

"Sec. 3907. The petition shall set forth the facts upon which the application for a discharge is founded, and shall be verified by the affidavit of the petitioner thereto annexed."

Sections 3908-9 provide for notices to the principal.

"Sec. 3910. The court, to whom the petition is addressed, shall hear the application, and may, on examination thereof, in their discretion, make an order, requiring the principal in such bond to give a new bond, with sureties, for the performance of his official duties.

"Sec. 3911. If such bond be given, it shall be taken, approved and filed in the same manner that the official bond of such officer is required by law, for the time being, to be taken, approved and filed.

"Sec. 3912. When such new bond is taken, approved and filed, it shall immediately operate as a discharge of all the sureties in the former bond from all liability arising from any subsequent misconduct or default of the principal therein, and such sureties shall thenceforth be liable on such bond only for such breaches thereof as shall have happened prior to the taking, approving and filing of the new bond."

That the language of these latter sections includes public administrators, as well as other officers, is evident at a glance unless it is affected by the provisions of law relating to the special subject of administration.

Plaintiff claims that the terms of section 307, above quoted, limit sureties of a public administrator to the

mode and grounds mentioned in sections 28 to 31 (R. S. 1879) in moving for a discharge from future liability on the bond, and thereby exclude resort by them to proceedings under sections 3906 to 3912.

Whether or not sections 28 to 31 ( R. S. 1879 ) "may be applicable" to public administrators and their sureties it will not be necessary to decide in this case. It was held by the St. Louis court of appeals, in *State to use Lewis v. Wolf*, 10 Mo. App. 95, that they were not applicable; but without approving or disapproving that opinion we are agreed in ruling that whether they are applicable or not the sureties on the official bond of such an officer are not precluded from resorting to proceedings, under chapter 66 ( R. S. 1879 ), to terminate their liability.

The question whether a general statute is repealed in part by legislation on a special or particular topic is often one of legislative intent to be solved by a view of the whole subject in the light of the general rules for the construction of laws.

Sections 28 to 31, if applicable, could be applied to sureties of public administrators only by reason of the general language contained in section 307.

We think that language does not evidence any intent of the law-makers to exclude public administrators and their sureties from the benefits of chapter 66, Revised Statutes, 1879 ( sections 3906 and following), or to engraft an exception against them upon a rule apparently designed to apply to all public officers alike.

It may be remarked in passing that the substitution of a new for an old bond under the sections last mentioned has an effect entirely different on the liability of former sureties of the old bond from that which follows the giving of additional security by the public administrator under section 303 ( R. S. 1879 ). The latter is cumulative merely. Nothing that has been said in

this case is intended to imply that the giving of such additional bond would terminate the liability of sureties upon the prior bond of public administrators, then in force.

II. Plaintiff next urges that the formal steps taken for the discharge of the sureties in 1881 and 1882 were fatally defective and insufficient.

We have examined the objections to that effect and find them untenable. It is hence unnecessary to decide whether any of them, if sustained, would have a vital bearing on the result reached herein.

It is claimed that the answers do not show proper notice to the administrator of the application of the surety for discharge. The allegation is that the surety "after due notice as required by law, applied to the probate court," etc. But further on appears the entry of the court recording its action on the application. That record recites the presence of the administrator at the hearing of the surety's petition when the order for new bond was made. Taken together these facts undoubtedly satisfy the requirements of law regarding notice.

It is next asserted that the approval of the new bond (which the statute makes essential to release the old sureties) was void because made at a special term of the probate court. The defendant's answers do not show whether or not any order for the special term had been previously made by the court in term time, under section 1044 (R. S. 1879), even assuming that section applicable to probate courts.

Without determining whether such prior order for a special term was essential to the validity of the latter (in view of the language of section 1180, Revised Statutes, 1879), it is sufficient to say that in the absence of any showing on the subject it should be assumed that the special term was properly and lawfully held. Such presumption of jurisdiction has been expressly held by

this court to be applicable to proceedings in the probate courts of Missouri. (*Johnson v. Beazley*, 65 Mo. 250.)

It is suggested that plaintiff was at least entitled to judgment against defendant .Nolan, who appeared but did not file an answer in this cause. The point was not made in the trial court by motion for a default against him or otherwise. The case was disposed of there on the issue of the sufficiency of the answers, and plaintiff's action must be taken as amounting, in effect, to a dismissal as to Nolan. If this was not intended, he should have indicated in some manner in the circuit court his intention or wish to take judgment against Nolan. Not having done so he cannot now raise the point for the first time here. It has no bearing on the substantial merits of the case. ( R. S. 1879, secs. 3774–5.)

The assignments of error are unfounded. The judgment is affirmed, all the judges concurring.