## THURMOND, Appellant, v. ASH GROVE WHITE LIME ASSOCIATION, Respondent.

### St. Louis Court of Appeals, May 14, 1907.

1. **TRESPASS ON THE CASE: Negligence: Nominal Damages.** While the owner of land may recover nominal damages without showing any actual damages in an action in the nature of trespass *quare clausum fregit,* he could not in an action of trespass on the case for damages to his premises caused by negligent blasting and for damages to his cattle caused by frightening and driving them, recover without showing actual damages.

2. ——: ——: **Actual Damages.** In an action for damages caused to plaintiff by negligent blasting and throwing rocks upon his farm from an adjacent quarry, where the evidence tended to show that an insignificant amount of plaintiff's corn was knocked down, his cattle frightened and driven around without any appreciable effect upon their weight or value, this was sufficient to warrant a verdict for the defendant.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Wright Bros. & Blair* and *L. H. Musgrave* for appellant.

Every unauthorized entry upon the land of another is an actionable trespass and entitles plaintiff to a verdict whether actual damages result or not. 1 Sutherland on Damages, chap. 2, pp. 9, 13; 3 Sutherland on Damages, chap. 15, p. 364; Jones v. Hannovan, 55 Mo. 468; State to use v. Rayburn, 22 Mo. App. 305; Clay v. Board, 85 Mo. App. 241; Mize v. Glenn, 38 Mo. App. 105. A judgment for defendant where plaintiff is entitled to nominal damages, will be reversed. State to use v. Rayburn, 22 Mo. App. 305; Clay v. Board, 85 Mo. App. 241. Though no amount of damage was proved yet the proof of the trespass entitled plaintiff to nominal damages at

least. And the trespass was admitted—was asserted by defendant. Brown v. Emerson, 18 Mo. 105; Owen v. O'Reilly, 20 Mo. 604; Fox v. Young, 22 App. 389.

*Wear & Haydon* for respondent.

GOODE, J.—Plaintiff owns a farm adjacent to land in which are the quarries where defendant blasts rock to use in the manufacture of lime. Plaintiff says he has been damaged by defendant's careless mode of blasting. The precise acts of negligence are alleged to be the "placing of very large charges of explosives in the blasts, giving the drill holes a slanting direction and failing to cover the same prior to touching off the blasts." Blasting in that way is alleged to have thrown rocks on plaintiff's pasture and cornfields, to have broken the fences and wires on his farm and to have thrown stones on cattle he was fattening, frightening and stampeding them and thereby reducing their flesh and checking their growth. It is further averred that defendant's servants on numerous occasions entered plaintiff's pasture and drove his fattening cattle about, causing them to run, thereby reducing and checking their growth. By these acts plaintiff alleges he was damaged in the sum of two hundred and fifty dollars, for which he prays judgment with fifty dollars punitive damages. There was no proof of the specific acts of negligence averred, or, indeed, of any negligence in the blasting, but nevertheless plaintiff asks to recover for the trespass. The evidence in the cause varied widely as to the extent of the damage. If plaintiff is to be believed, he lost ten bushels to the acre of his corn crop, in consequence of stones being hurled into the fields from the quarries, and his cattle were scared by the rocks and worried by defendant's servants driving them. Employees of the lime company entered plaintiff's premises once or twice, to drive the cattle out of any possibility of danger from the rocks that might fall into

the field when the blasts were shot, and maybe five or six times the cattle were made uneasy by falling rocks. For defendant the testimony is that a few rocks had fallen in plaintiff's field and three or four hills of corn were mashed; injuring him nominally and to an extent not deserving notice. The issues were submitted to the jury and a verdict returned for defendant. It is insisted the court erred in not directing a verdict in plaintiff's favor. This is on the theory that plaintiff was entitled to at least nominal damages for any entry on his premises by defendant's servants, whether actual damage was done or not, and for the casting of a single stone into his fields. Perhaps it is true that an unauthorized entry on the land of another entitles the owner to nominal damages if he chooses to sue for it and in an appropriate action; that is, an action in the nature of trespass *quare clausum fregit.* The present action is not of that kind, but is in the nature of trespass on the case for negligence in blasting. There is an allegation that defendant's servants entered the pasture, but the damages prayed for are not for the unlawful entry, but for the injury done to the cattle by driving them about after the servants had entered. It is perfectly apparent that, on a petition in this form, plaintiff was not entitled to a verdict merely because his premises had been entered by defendant's servants without authority. An instruction is complained of which advised the jury that if they found defendant, by blasting in its quarries, threw rocks on plaintiff's premises, *to his injury,* the verdict should be in his favor. The words "to his injury" are objected to on the theory that whether injury resulted or not, plaintiff should have a verdict. What we have said answers this argument. If no damage was wrought in the particulars alleged, by the falling of rocks on plaintiff's premises and among his cattle, he was not entitled to a verdict. The jury were directed to allow plaintiff a reasonable

amount to compensate him for any injury and depreciation in the value of his corn crop, resulting from stones or rocks falling on the fields, or, any injury to the meadow from the same cause. They were also directed to allow for damage which they found had resulted from the rocks falling among the cattle and frightening them so as to retard their growth and make them less valuable, and on this issue the rulings were inconsistent. Evidence was excluded which should have been received, if the issue was for the jury—evidence that scaring the cattle diminished their weight. But this matter impresses us as devoid of merit. We have found no similar case in the books, during a patient search. Without saying that in every instance such damages would be too remote to be recovered, we hold no inference could fairly be drawn from the evidence in the present case, that plaintiff's cattle were caused by falling rocks, or by defendant's servants, to run about enough to prevent them from fattening as much as, otherwise, they would have fattened and that therefore plaintiff suffered a pecuniary loss. The cattle were sold in the autumn; whether by head or weight does not appear. The buyer swore they were in the same condition other cattle were that season and there is no proof that they brought a lower price. Their running in the pasture in consequence of what defendant did, occurred between the middle of April and June. Those movements were induced five or six times by rocks and twice by defendant's servants driving them. Pecuniary loss could not be ascribed to those circumstances with any degree of certainty. Indeed one familiar with the actions of cattle knows they would scamper over the pasture for a few minutes maybe if rocks fell among them, without doing themselves any harm.

The jury were instructed to allow for any injury to plaintiff's corn crop, but must have found there was none.

The main insistence seems to be that the jury disre-

garded the great weight of the evidence and, therefore, the cause ought to be reversed. We do not agree with this contention, and if we did, we would have no power to reverse the judgment unless we thought the jury's partiality influenced them to disregard the law and evidence and find a verdict from sentiment or prejudice. If they came to a mistaken conclusion regarding the weight of the evidence, this was an error to be corrected by the trial court.

The judgment is affirmed. All concur.