W. K. NOBLE, Appellant, v. A. T. NELSON, Respondent.

**Springfield Court of Appeals, April 3, 1911.**

1. **VENDOR AND PURCHASER: Sales: Defect in Goods: Remedy of Purchaser.** Where a shipment of hoops was found to be defective and not of the character ordered, the purchaser was *held* to have the right to keep the hoops and remit the reasonable value therefor, and in a suit for the original contract price, the fact that the purchaser kept the hoops and did not notify the vendor that they were not of the character ordered did not bind him to pay the contract price.

2. ———: ———: ———: ———. Where goods are purchased for a particular purpose, or the order is for a particular kind, and when received they are of an inferior quality, the purchaser is not compelled to either pay the contract price or rescind the contract and refuse to accept the property. He may accept the property and use it and when sued for the purchase price may defend upon the ground and show that the goods shipped were wholly worthless, in which case the defense would be absolute; or he may show that they were not of the character or quality ordered and for that reason not of the value agreed to be paid under the contract, and in such case the purchaser will only be liable for the reasonable value of the goods.

Appeal from Camden Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Wright Bros.* for appellant.

Defendant accepted the hoops and cannot now complain of the quality. No objection was made within a reasonable time. Stevens v. McKay, 40 Mo. 224; Black v. Lumber Co., 93 Mo. 374; Water & Light Co. v. Lamar, 140 Mo. 145; Steel & Wire Co. v. Symons, 110 Mo. App. 48.

*J. W. Farris* for respondent.

Under the law and the evidence, the judgment for respondent ought to be affirmed under the following authorities. Association v. McEnroe, 80 Mo. App. 429; Machine Co. v. Brady, 67 Mo. App. 292; Danford v. Crookshank, 68 Mo. App. 311; Brown v. Weeden, 27 Mo. App. 251.

COX, J.—Action for compensation for barrel hoops sold by plaintiff to defendant. Defendant, by his answer, admitted receiving the hoops, but pleaded as a defense to the action that the hoops shipped him by plaintiff were not of the character he had ordered and were not of the value he had agreed to pay and that the amount which he had paid was full compensation for the goods received.

Trial was had before the court without a jury, resulting in a judgment in defendant's favor and plaintiff has appealed.

Plaintiff is a manufacturer and dealer in cooperage stock at Ft. Wayne, Indiana. Defendant is a resident of Lebanon, Missouri. Defendant ordered from plaintiff 150,000 No. 1, 6 foot coil hoops. Plaintiff accepted the order and agreed to furnish the hoops at $9.40 per thousand f. o. b. cars at Lebanon. The hoops were shipped in three cars. The first car was received in June, 1906, and was paid for without examining the hoops. The second car was received in July, and the third car in October. The hoops in these cars were examined before they were paid for and defendant remitted in payment for what he thought these cars were worth, $758.59. The balance claimed by plaintiff was $353.46.

The evidence offered by defendant as a defense to the suit tended to show that the hoops received were not all six foot hoops as he had ordered, but part of them were only four and four and one-half feet long; that some of them were rotten and brash and so thin

as to be useless. The defendant at no time notified the plaintiff that the hoops shipped were not of the character bought and plaintiff now insists that having received and used the hoops that he is bound by his contract and must pay the contract price therefor. This is a misconception of the law. The law is well settled in this state that one who buys a particular class of goods, or buys goods for a particular purpose, and the goods shipped under the contract are not of the character purchased, but are of an inferior quality, the party is not compelled to either pay the contract price or rescind the contract and refuse to accept the property. He may accept the property and use it and when sued for the purchase price may defend upon the ground that the goods shipped were wholly worthless, in which case, the defense would be absolute, or he may show that they are not of the character or quality purchased, and, for that reason, not of the value agreed to be paid therefor, and in that case the purchaser will only be liable for the reasonable value of the goods. [Machine Co. v. Brady, 67 Mo. App. 292; Danford v. Crookshank, 68 Mo. App. 311; Brewing Association v. McEnroe, 80 Mo. App. 429; Laumeier v. Dolph, 145 Mo. App. 78; 130 S. W. 360; Buss v. Allison Window Glass Co., 146 Mo. App. 71, 123 S. W. 949; Brown v. Weldon, 99 Mo. 564, 13 S. W. 342; Moore v. Gaus Sons' Mfg. Co., 113 Mo. 98, 108, 20 S. W. 975.]

The defendant, by his answer in this case, raised the specific issue that the goods shipped were not of the quality which he had purchased and alleged that he had paid all that the goods which he received were reasonably worth. The court, sitting as a jury, found the allegations of the answer were sustained by the proof and the evidence warranted that finding. Such finding is, therefore, binding upon us and the judgment will be affirmed. All concur.