STARK BROTHERS NURSERIES &. ORCHARDS
COMPANY, Plaintiff, v. D. S. MAYHEW et al.,
Defendants.

Springfield Court of Appeals, November 6, 1911. Motion for
Rehearing Overruled, December 8, 1911.

1. FRAUD AND DECEIT: Sale of Property: Knowledge of
Vendor: Bills and Notes. In an action on promissory notes,
defendants in their answer set up a counterclaim, based upon
fraud in the sale of certain fruit trees, which was the con-
sideration for the notes and alleged that plaintiff represented
that the trees were first-class and true to name and that
plaintiff knew that they were falsely marked and labeled when
shipped. The evidence to sustain the charge of fraud con-
sisted of the statements and descriptions in the orders
for the trees, made on order blanks furnished by plaintiff,
and testimony to the effect that the trees did not grow and
· develop as they should and that some of them were not true
to name, but were of inferior variety. There was no evidence
that plaintiff knew at the time the trees were shipped that
any of them were not as ordered. *Held*, that defendants failed
to establish a prima facie case of fraud.

2. ———: ———: ———: Elements of Fraud. Generally speak-
ing to make a case of fraud based upon false representations,
inducing a purchase of property, there must be a misrepresen-
tation of a material matter upon which the purchaser relies
to his injury, and the representation must be known to the
seller to be false, or he must make the assertion as of his
own knowledge, when in fact he had no knowledge whether
it be true or false, and must intend to deceive the other party
by the representation.

3. ———: Distinction Between Fraud and Breach of Contract.
A distinction must be drawn between the terms of a contract
itself and representations inducing the execution of the con-
tract. When the matters complained of are incorporated in
the contract in such a way as to become a part of it, and the
property delivered under it does not measure up to the require-
ments of the contract, there is clearly a breach of contract or
failure of consideration, but if nothing more be shown it is not
fraud.

4. PLEADING: Contracts: Sale of Property: Partial Failure of
Consideration: Instructions. In an action on promissory notes
defendants in one count in their answer set up that the con-

sideration for the notes was the purchase of certain fruit trees from plaintiff; that plaintiff warranted the trees to be of a certain description and true to name, and that they were not and that defendant had paid plaintiff the contract price for all the trees that were of any value. *Held*, that this amounted to a plea of a partial failure of consideration and payment of the balance, and *held*, further, that this issue was presented to the jury by a proper instruction and that there was substantial evidence to support the finding for the defendants.

5. ———: ———: ———: ———: **Elements of Defense.** A plea of failure of consideration, total or partial, when pleaded as a defense to a suit for the purchase price of property rests upon the theory that the purchaser did not get what he bought. If the purchaser did get what he bought or if the article received and retained by the purchaser, is equal in value to the price agreed to be paid the defense fails. If it be worthless the defense is complete. If it be of some value but less than the price agreed to be paid, it is a defense *pro tanto*.

Appeal from Barry Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*Geo. R. Clay* and *R. H. Davis* for plaintiff.

(1) A partial failure of consideration is an affirmative defense, and in order to be available, it must be pleaded. McCormick v. Crawford, 98 Mo. App. 319; Sheperd v. Padgitt, 91 Mo. App. 473; Crenshaw v. Looker, 185 Mo. 387. (2) The matters pleaded in the first paragraph of the answer constitute a breach of warranty, and have to be pleaded as a counterclaim in order to be available. Chenshaw v. Looker, 185 Mo. 387; McCormick v. Crawford, 98 Mo. App. 319; Shepherd v. Padgitt, 91 Mo. App. 473; Stephens v. Supply Co., 67 Mo. App. 587; Brown v. Weldon, 27 Mo. App. 263. (3) The matters pleaded in the answer not constituting either a defense or a bar to plaintiff's right of recovery, plaintiff's motion for judgment *non obstante verdicto* should have have been given. Hurt v. Ford, 142 Mo. 296; 11 Ency. Pl. and

Pr. 912. (4) A plea of failure of consideration and a counterclaim for breach of warranty, when based upon the same contract, are inconsistent, and plaintiff's motion to compel an election should have been sustained. Broderick v. Andrews, 135 Mo. App. 62. (5). The demurrer to the evidence in support of defendants' counterclaim was properly sustained, because, first, if plaintiff breached its contract and if defendant suffered damages on account thereof, his right of action accrued when the contract was breached to-wit, when the trees were shipped, and it was at the time of the filing of the suit barred by the five-year Statute of Limitations. Carpet Co. v. Dornan, 64 Mo. App. 26; Allen v. Todd, 6 Lans. (N. Y.) 222; Bogardus v. Wellington, 27 Ont. 530; Brackett v. Martins, 87 Pac. 410, 29 Am. St. Rep. 115; Brady v. St. Joseph, 84 Mo. App. 399; Ash & Gentry v. Independence, 103 Mo. App. 299; Moberly v. Hassett, 127 Mo. App. 11; 25 Cyc. 1069; Schade v. Gehner, 133 Mo. 259; Coal Co. v. Nav. Co., 69 Am. St. Rep. 788; Manning v. Perkins, 27 Atl. 1114; Penn. Co. v. Railroad, 33 N. E. 415; Railroad v. Mining Co., 74 Pac. 596. Second, defendant's counterclaim is based upon an alleged breach of warranty, not fraud and subdivision five of section 1889, Revised Statutes 1909, is not applicable. Railroad v. Grain Co., 68 Kan. 585; Perry v. Wade, 31 Kas. 428, 2 Pac. 787; Stinson v. Aultman, 54 Kan. 537, 38 Pac. 788. Third, no improper act of plaintiff, such as to bring the case within the meaning of section 1905, Revised Statutes 1909, is pleaded by defendant. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Smith v. Blachly, 53 L. R. A. (Pa.) 849; Boyd v. Bebee, 17 L. R. A. (N. S.) 660; Fortune v. English, 80 N. E. (Ill.) 781; Parmelee v. Price, 70 N. E. (Ill.) 725; Wood v. Williams, 31 N. E. 681; Wood on Limitations (3 Ed.), sec. 276; Callaghan v. Callaghan, 175 Mo. 361. Fourth, defendant's want of knowledge of the breach, if any, of plaintiff's contract did not, in the absence of pos-

itive fraud or concealment, arrest the running of the statute. Garrett v. Conklin, 52 Mo. App. 659; Hoffman v. Parry, 23 Mo. App. 28; Schade v. Gehner, 133 Mo. 252; Moore v. Granby Co., 80 Mo. 86.

*J. S. Davis, J. E. Suter* and *J. E. Burgess* for defendant.

(1) The court erred in instructing the jury at the close of all the testimony to find for the plaintiff on defendant's counterclaim. The record clearly establishes such a case of fraud on the part of the plaintiff as to sustain an action for damages therefore. Blair v. Railroad, 89 Mo. 334. (2) Where the fraud is a secret one the cause of action does not accrue until the discovery by the aggrieved party any time within ten years of the facts constituting the fraud. Scott v. Boswell, 136 Mo. App. 601; Bent v. Priest, 86 Mo. 475; Ruff v. Milner, 92 Mo. App. 620. (3) The action in this case is between the original parties to the notes sued on and under section 9999, Revised Statutes 1909, failure of consideration, total or partial, is a good defense; the only distinction being that a partial failure is only a defense *pro tanto,* and, it is a defense to the extent of the failure, whether the amount is ascertained and liquidated or otherwise. Miller v. Hunter, 82 Mo. App. 635. (4) There is no merit in the contention of learned counsel for the appellant that the matters pleaded in the first paragraph of defendant's answer constitute a breach of warranty, and for that reason are not available as failure of consideration. Gay v. Murphy, 37 Mo. 536; Werner v. O'Brien, 40 Mo. App. 483; Pryor v. Music House, 28 L. R. A. (N. S.) 267; Miller v. Hunter, 82 Mo. App. 632; Williams v. Baker, 100 Mo. App. 288; Herman v. Merc. Co., 106 Mo. App. 438; Steel & Wire Co. v. Symons, 110 Mo. App. 47; Implement Co. v. Parmer, 128 Mo. App. 300.

COX, J.—Action on two promissory notes. The petition is in the usual form. The answer is in two counts. The first count is what defendants denominate a total failure of consideration. The second count is a counterclaim by D. S. Mayhew based upon fraud in the sale of certain trees which was the consideration for the notes. The reply admits the sale of the trees and giving the notes in consideration therefor, denies generally all other allegations and then pleads the 5 years Statute of Limitations. There was a trial by jury and verdict against plaintiff on the notes and by peremptory direction from the court a verdict against defendants on the counterclaim and both parties have appealed.

The charge of fraud upon which the counterclaim of defendant D. S. Mayhew is based is, that plaintiff represented that the trees purchased were good first class XX trees, true to name and that plaintiff knew that said trees were false and fraudulently marked and labelled at the time they shipped the same to defendants and that plaintiff knew that defendant had no way to detect said fraud. That defendant did not detect said fraud until the trees bore fruit when it was discovered that part of them were not of the varieties ordered. The last allegation to avoid the Statute of Limitations. The evidence to sustain the charge of fraud consisted of the statements in the orders for the trees, which were evidently written on blanks furnished by plaintiff, and proof that the trees were set in good soil and properly cultivated but many of them did not grow and develop as they should. That some apple trees labeled Black Ben Davis proved to be of other varieties. Some trees bought for Elberta Peach trees proved to be seedlings and of no value whatever. There was no evidence that the plaintiff knew at the time the trees were shipped that any of them were not as ordered. The orders for the trees

which defendant sent, each contained the following heading and statement:

## "STARK BROS. NURSERIES & ORCHARDS COMPANY."

## ORDER SHEET.

"These sizes: (besides bargain size) are made in our grading cellars, 2 yr. trees are graded as below:

"XX, ¾ inch and up, largest and finest trees in the rows, the size sure to please. X size, ⅝ to ¾ inch, usual first class, even ½ to ⅝ inch, equal to '1st Class' of some; all young, healthy, thrifty, 1st class of the size. Of course, dwarfish growing sorts are not so tall, nor are kinds of various habits of growth all alike. Larger sizes are graded by caliper (diameter) to similar thickness of stockness of body—a true test of quality. When graded by both caliper and height and caliper governs, as height then named is approximated."

Did the proof show a prima facie case of fraud?

Generally speaking, to make a case for fraud based upon false representations inducing a purchase of property there must be a misrepresentation of a material matter upon which the purchaser relies to his injury, and the representation must be known by the seller to be false or he must make the assertion as of his own knowledge when, in fact, he has no knowledge whether it be true or false and must intend to deceive the other party by the representation. The first step in fraud of the kind complained of here is a false representation. The only proof offered of a representation of any kind being made by plaintiff is what is found upon the orders for the trees which defendant signed. These orders when accepted by plaintiff became the contract between the parties for the sale of

the trees and we do not think the statement therein describing the trees can fairly be construed as a representation inducing the purchase. A distinction must be drawn between the terms of the contract itself and representations inducing the execution of the contract. When the matters complained of are incorporated in the contract in such a way as to become a part of it and the property delivered under it does not measure up to the requirements of the contract there is clearly a breach or failure of consideration but if nothing more be shown it is not fraud. In this case the statement that XX trees were "¾ inch and up, all young, healthy, thrifty, first class of the size," was descriptive of the kind of trees defendant was buying and plaintiff was bound to furnish trees of that description because it had agreed to do so. It was as much bound to furnish trees meeting that description as to furnish the number sold. The agreement was to furnish a certain number of trees of designated varieties and of a certain description as to size and condition and each of these specifications was one of the terms of the contract and a failure to comply therewith in any particular was a breach of the contract but nothing further appearing it was not fraud. The peremptory instruction to find for plaintiff on the fraud issue was properly given.

Plaintiff contends that the facts pleaded in the first count of the answer amount to a breach of warranty and as no damages are alleged it states no defense and a peremptory instruction to find for plaintiff on the notes should have been given. This count in the answer sets up that the consideration for the notes was the purchase of certain fruit trees from plaintiff, then alleges that plaintiff warranted the trees to be of a certain description and true to name and that they were not, then closes as follows: "That defendants have paid on the purchase price of said trees the sum of $254.07; that the amount defendant

has paid exceeds in value the contract price of all the fruit trees shipped to defendant by plaintiff that were of any value whatever. That by reason of the facts above stated defendant says there has been an entire failure of consideration for the notes sued on and that defendant owes plaintiff nothing by reason thereof." What the facts pleaded in this count of the answer really mean is, that defendant bought from plaintiff a certain number of fruit trees of a specified variety and quality and that the trees furnished by plaintiff were not of that character and that defendant has paid to plaintiff the contract price of all the trees that were of any value at all. This is, in fact, a plea of partial failure of consideration and payment of the balance. The court in submitting the issue under this count in the answer gave the following instruction:

"The court instructs the jury that if you find and believe from the evidence in this case that plaintiff contracted with and warranted that it would sell to defendant 1800 Black Ben Davis apple trees and 690 cherry trees, 230 Elberta Seedling peach trees and 200 Elberta Cling peach trees and 636 Elberta Queen peach trees; and if you further find that plaintiff delivered to defendant the number of trees it contracted to sell him and that plaintiff warranted that all of said trees were first class and true to name and if you find that the notes sued on in this case were executed and delivered by defendant to plaintiff with D. S. Mayhew as principal, and S. M. Mayhew, as surety, and that said notes were given in payment for said trees,, and if you shall further find and believe from the evidence that said trees or any part thereof were not first class trees and were not the kinds and quality warranted by plaintiff and if you shall further find and believe from the evidence that D. S. Mayhew has paid in money on the purchase price of said trees an amount equal to or greater than the contract price of all of said trees that were true to name and first

class as warranted by plaintiff, and if you find from the evidence that the remainder of said trees were of no value, then in that event you will find the considera- tion for said notes has wholly failed and your verdict will be for the defendant on said notes.''

The use of the term ''warranty'' in the answer and in the instruction means nothing more than that plaintiff had agreed to furnish a certain number of trees of a certain description. The use of this term was unnecessary but its use did not change the mean- ing of the pleading or the instruction and could not have misled the jury. The jury in finding for defend- ant must have found that plaintiff had not furnished the varieties and quality of trees it had agreed to furnish and that defendant had paid the contract price for all the trees furnished that met the requirements of the contract and that the other trees were worth- less. There was substantial evidence to support this finding and this made a complete defense to the notes.

A plea of failure of consideartion, total or par- tial, when pleaded as a defense to a suit for the pur- chase price of property rests upon the theory that the purchaser did not get what he bought. If the pur- chaser did get what he bought that ends the matter. If the article furnished does not comply with the con- tract, and the property be retained by the purchaser, then the defense of failure of consideration is open and the result is to be determined by comparing the value of the article delivered with the price agreed to be paid for the article bought. If the article received is equal in value to the price agreed to be paid the de- fence fails. If it be worthless the defense is complete. If it be of some value but less than the price agreed to be paid it is a defense *pro tanto*. [Brown v. Wel- don, 99 Mo. 569, 12 S. W. 1047; Shephard v. Padgett et al., 91 Mo. App. 473; Ferguson Implement Co. v. Parmer, 128 Mo. App. 300, 107 S. W. 469; Broderick

v. Andrews, 125 Mo. App. 57, 115 S. W. 519; Noble v. Nelson, 154 Mo. App. 616, 136 S. W. 12.]

The issue of failure of consideration was properly submitted under the pleadings and the evidence supports the verdict.

Instructions were asked by plaintiff upon the theory that if any of the trees were of any value the plaintiff should recover the full amount of the notes. These were properly refused.

Some questions are raised as to the right of defendants to join the different defenses pleaded but as the fraud issue was eliminated by peremptory instruction and only one issue submitted to the jury it is not necessary to discuss the question of misjoinder. Judgment affirmed. All concur.